885 F.2d 867
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Herman Dwain YOUNG, Petitioner-Appellant,
v.
Raymond M. MUNCY, Attorney General of the State of Virginia,
Respondents-Appellees
 No. 89-7108.
 United States Court of Appeals, Fourth Circuit.
 Submitted July 12, 1989.
Decided Sept. 19, 1989.
 
 Herman Dwain Young, appellant pro se.
 Thomas Drummond Bagwell, Office of the Attorney General of Virginia, for appellees.
 Before WIDENER, PHILLIPS, and CHAPMAN, Circuit Judges.
 PER CURIAM:
 
 
 1
 Herman Young filed a 28 U.S.C. Sec. 2254 petition in district court alleging that (1) the state trial judge erred in denying his motion to withdraw his guilty plea,[1] and (2) he received ineffective assistance of counsel. The district court dismissed the petition and Young now seeks a certificate of probable cause to appeal in this Court. We dismiss the appeal.
 
 
 2
 Regarding the motion to withdraw the guilty plea, the district court held that Young was in procedural default because he failed to raise this issue on direct appeal to the Supreme Court of Virginia, as required under Slayton v. Parrigan, 215 Va. 27, 205 S.E.2d 680 (1974), cert. denied, 419 U.S. 1108 (1975). See Murray v. Carrier, 477 U.S. 478 (1986). This finding is understandable in light of the finding of procedural default by the state trial judge, but is not in accord with the Court's holding in Harris v. Reed, 57 U.S.L.W. 4224 (U.S. Feb. 22, 1989) (No. 87-5677). In Harris the Court held that if state courts do not make a "plain statement" of procedural default, a federal court must review the merits of the claim. Id. at 4225. To be sufficient, this "plain statement" must "clearly and expressly" state the finding of procedural default. Id. at 4227.
 
 
 3
 Here, the state trial judge ruled (on Young's state habeas petition) that Young was in procedural default for failure to raise this issue on direct appeal to the Virginia Supreme Court. However, the judge also addressed the merits of the claim in an alternative holding. This procedure is permissible under Harris, 57 U.S.L.W. at 4227 n. 10, but the Virginia Supreme Court denied Young's petition for review of the denial of (state) habeas relief on a finding that "there is no reversible error in the judgment complained of." This later decision is the last word on the application of Virginia procedural requirements, and is the sole subject of our review under Harris:
 
 
 4
 a procedural default does not bar consideration of a federal claim on either direct or habeas review unless the last state court rendering a judgment in the case "clearly and expressly" states that its judgment rests on a state procedural bar.
 
 
 5
 Id. at 4226-27 (emphasis supplied). Because the decision of the Virginia Supreme Court can be readily interpreted to mean that that court based its decision on the trial judge's alternative holding on the merits, we find that this decision does not "clearly and expressly" make a finding of procedural default. Therefore, we address the merits of Young's claim.
 
 
 6
 Young contends that he had a constitutional right to withdraw his guilty plea. We disagree--the only inquiry in this context in federal court is whether the plea was voluntarily and intelligently entered. See Siers v. Ryan, 773 F.2d 37 (3d Cir.1985), cert. denied, 57 U.S.L.W. 3688 (U.S. April 17, 1989) (No. 88-6670). Young makes no claim that his plea was involuntary or uninformed, except that his attorney failed to adequately investigate the facts and law relating to his case. However, we note that Young's assertions at the plea colloquy contradict this claim and provide no basis for relief. See Via v. Superintendent, Powhatan Correctional Center, 643 F.2d 167 (4th Cir.1981). Furthermore, we have reviewed the transcript of the plea colloquy in its entirety and find that Young's plea was properly entered. See Boykin v. Alabama, 395 U.S. 238 (1969). Thus, this claim is meritless.
 
 
 7
 Young also contends that his lawyer was ineffective because he (1) failed to investigate the state's evidence, (2) failed to investigate an alibi defense, and (3) failed to object to hearsay testimony. We review this issue de novo, but we are bound by the state trial judge's findings of historic fact relevant to this determination. Strickland v. Washington, 466 U.S. 668, 698 (1984). We note that the state judge found that defense counsel travelled extensively and interviewed numerous people in the course of his investigation. These findings specifically undermine the factual basis for Young's claims. Moreover, these findings are supported by the record of evidence presented at the evidentiary hearing on Young's (state) habeas petition. Therefore, Young cannot establish that his attorney's efforts were deficient, and is not entitled to relief.[2] See Hill v. Lockhart, 474 U.S. 52 (1986) (applying Strickland standards to guilty plea cases).
 
 
 8
 Accordingly, we deny Young's motion for a certificate of probable cause and dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented on the record before this Court and oral argument would not aid the decisional process.
 
 
 9
 DISMISSED.
 
 
 
 [1]
 Young made his motion to withdraw his guilty plea through counsel prior to sentencing
 
 
 [2]
 Young now claims that the state hearing on his claims was not a "fair and full hearing." We reject this contention. We note that Young made no such claim at the hearing and now only makes this conclusory allegation, without noting any specific deficiencies. This is insufficient