## Richmond

A. E. SLAYTON, JR., SUPERINTENDENT OF THE VIRGINIA STATE PENITENTIARY v. ARCHIE ALLEN PARRIGAN.

June 10, 1974.

Record No. 730270.

Present, All the Justices.

*Robert E. Shepherd, Jr., Assistant Attorney General (Andrew P. Miller, Attorney General,* on brief), for plaintiff in error.

No brief or argument on behalf of defendant in error.

I'Anson, J., delivered the opinion of the court.

On June 18, 1969, Archie Allen Parrigan was convicted by a jury on an indictment charging him with robbery, and he was sentenced by the trial court in accordance with the jury's verdict to confinement in the State penitentiary for a period of twenty years. We denied his petition for a writ of error to the judgment of conviction.

On February 8, 1971, Parrigan, petitioner herein, filed in the court below a petition for a writ of habeas corpus, which was later amended, alleging that he was unlawfully detained by the respondent, the Superintendent of the Virginia State Penitentiary. He averred that his court-appointed attorney was

ineffective, that his pretrial identification was impermissibly suggestive, and that it tainted his in-court identification.

After an evidentiary hearing the trial court, in a memorandum opinion, held as a fact that petitioner was effectively represented by his court-appointed attorney, but the court awarded petitioner a writ of habeas corpus, set aside his conviction, and ordered a new trial solely on the ground that petitioner's pretrial identification was impermissibly suggestive. We granted the respondent a writ of error to this judgment.

The sole issue on this appeal is whether the petitioner has standing in a habeas corpus proceeding to attack an alleged impermissibly suggestive pretrial identification as tainting the in-court identification when he did not present that defense at his criminal trial and upon appeal from that conviction.

The record in Parrigan's trial on the robbery charge shows that about 6 p.m. on February 14, 1969, Rufus Hawkins Yates entered Club 83 in Haysi, Virginia. While waiting for his ride home, he consumed five or six beers. During his wait three men arrived at the club and subsequently offered him a ride home. Yates consented to go with them. After the car was stopped at a place unknown to Yates, he was robbed of $340. At trial, Yates positively identified Parrigan as one of the three men who robbed him. Two other witnesses identified Parrigan as having been in Club 83 on the night of the robbery. One of these witnesses further testified that Parrigan was a member of the trio who offered Yates a ride home that night.

Parrigan presented an alibi defense which was rejected by the jury's verdict of guilty.

At petitioner's habeas corpus evidentiary hearing, it was revealed for the first time that shortly after the Yates robbery Deputy Sheriff Stanley had Parrigan accompany him to Haysi. When they arrived, Stanley advised Parrigan that he wanted to see whether he (Parrigan) could be identified by a robbery victim. Sometime after both men entered Club 83, Yates, the robbery victim, appeared at the club.

Yates testified that Stanley requested him to look around the club to see if he could identify any of the persons who robbed him. He first looked into the back room of the club and then in the main room. He identified Parrigan, who was sitting in a booth with Stanley in the main room, as one of the men.

Parrigan testified that he and Stanley were sitting in a booth

when Yates identified him as one of the robbers; and that Stanley said to Yates: "Isn't this one of the boys?" or "Does this look like the man?" Parrigan said that he did not tell his attorney of this pretrial identification.

■ We agree with the respondent's contention that the petitioner lacked standing to raise on habeas corpus the question whether his in-court identification by Yates was tainted by an impermissibly suggestive pretrial identification when he did not advance that defense at his trial and upon appeal from that conviction.

Assuming, without deciding, that petitioner was subject to an unconstitutional identification procedure,[1] the court below erred, absent a showing of ineffective assistance of counsel in failing to raise that question, in permitting inquiry on this question for the first time in the habeas corpus proceeding.

We have repeatedly held that under Rule 1:8, now Rule 5:7, an objection requiring a ruling of the trial court must be made during trial when identification testimony is offered or it will not be noticed upon appeal. *Poole* v. *Commonwealth,* 211 Va. 258, 260, 176 S.E.2d 821, 823 (1970); *Henry* v. *Commonwealth,* 211 Va. 48, 52, 175 S.E.2d 416, 419 (1970).

■ A petition for a writ of habeas corpus may not be employed as a substitute for an appeal or a writ of error. *Brooks* v. *Peyton,* 210 Va. 318, 321-22, 171 S.E.2d 243, 246 (1969); *Smyth* v. *Bunch,* 202 Va. 126, 131, 116 S.E.2d 33, 37-38 (1960).

It is true we said in *Griffin* v. *Cunningham,* 205 Va. 349, 355, 136 S.E.2d 840, 845 (1964): "It is well settled that the deprivation of a constitutional right of a prisoner may be raised by *habeas corpus.*" But in the interest of the finality of judgments and since the original function of the writ of habeas corpus was to provide an inquiry into jurisdictional defects,[2] we hold that the principle enunciated in *Griffin* is inapplicable when a prisoner has been afforded a fair and full opportunity to raise and have adjudicated the question of the admissibility of evidence in his trial and upon appeal. *See Powell* v. *State,* 244 So. 2d 746 (Fla. App. 1971); *People* v. *Ward,* 48 Ill. 2d 117, 120-21, 268 N.E.2d 692, 695 (1971); *In re Terry,* 4 Cal. 3d 911, 926-27, 484 P.2d 1375, 1378,

---

1. *See Stovall* v. *Denno,* 388 U.S. 293, 301-02 (1967); *Neil* v. *Biggers,* 409 U. S. 188, 196-99 (1972).

2. *Brooks* v. *Peyton, supra,* 210 Va. at 321, 171 S.E.2d at 246.

95 Cal. Rptr. 31, 43, *cert. dismissed*, 404 U.S. 980 (1971); *In re Sterling*, 63 Cal. 2d 486, 488-89, 407 P.2d 5, 7-8, 47 Cal. Rptr. 205, 207-08 (1965); *State* v. *White*, 274 N.C. 220, 232, 162 S.E.2d 473, 480 (1968). *See also* concurring opinion of Mr. Justice Powell in *Schneckloth* v. *Bustamonte*, 412 U.S. 218, 93 S. Ct. 2041, 2059 (1973); Bator, *Finality in Criminal Law and Federal Habeas Corpus for State Prisoners*, 76 Harv. L. Rev. 441 (1963); Friendly, *Is Innocence Irrelevant? Collateral Attack on Criminal Judgments*, 38 U. Chi. L. Rev. 142, 160 (1970).

The trial and appellate procedures in Virginia are adequate in meeting procedural requirements to adjudicate State and Federal constitutional rights and to supply a suitable record for possible habeas corpus review. A prisoner is not entitled to use habeas corpus to circumvent the trial and appellate processes for an inquiry into an alleged non-jurisdictional defect of a judgment of conviction. Since the issue of the alleged constitutionally improper pretrial identification could have been raised and adjudicated at petitioner's trial and upon his appeal to this court, Parrigan had no standing to attack his final judgment of conviction by habeas corpus.

For the reasons stated, the judgment of the court below is

> *Reversed, the petition is dismissed, and the judgment of conviction is reinstated.*