## CIRCUIT COURT OF LOUDOUN COUNTY

K. M. Payne

v.

Keyser

Case No. (Law) 9853

By JUDGE THOMAS D. HORNE

November 16, 1988

This habeas corpus proceeding was set for a plenary hearing on December 12, 1988, at 1:00 p.m. as to those matters which the Court might find justified the taking of evidence. Accordingly, the Court took under advisement the Respondent's Motion to Dismiss upon the arguments and authorities relied upon by counsel. The Court finds that the issue of prosecutorial misconduct could have been raised on direct appeal and hence is barred from review in this habeas proceeding. Therefore, the motion to dismiss will be granted as to such claim. *Slayton v. Parrigan*, 215 Va. 27 (1974). As to the issue of ineffective assistance of counsel, the Court will grant Petitioner a plenary hearing on the date previously set. The Court will provide the Petitioner with an evidentiary hearing upon the issue of juror misconduct, provided Mr. Scanlan or some other named individual file an affidavit containing the specifics of the misconduct alleged, including date, names, places, and the substance of expected testimony within ten days. The motion for discovery is denied.

February 23, 1989

Petitioner was convicted of rape and sentenced to serve a period of fifteen years confinement in the Department of Corrections. The instant habeas corpus petition raises the following issues arising out of his trial and conviction of rape: (1) Ineffective Assistance of Counsel, (2) Prosecutorial Misconduct, and (3) Juror Misconduct. This Court granted Petitioner a plenary hearing on the issues of ineffective assistance of counsel and juror misconduct.

Previously, the Court of Appeals has determined that the record of the trial proceeding was inadequate to determine the issue of ineffective assistance on direct appeal. *Payne v. Commonwealth*, 5 Va. App. 498 (1988). Accordingly, his appeal was dismissed without prejudice by the Court of Appeals. As a result of the affidavits and testimony of Payne's trial counsel, the Court finds there to be ample evidence upon which to evaluate trial counsel's performance against the standard of review for ineffective assistance claims. *Strickland v. Washington*, 466 U.S. 668 (1984); *Stokes v. Warden*, 226 Va. 111 (1983).

*Findings of Fact as to the Claim of*
*Ineffective Assistance of Counsel*

The Court makes the following findings of fact with respect to the claim of ineffective assistance of counsel.

1. Jerry L. Johnson is an attorney duly licensed to practice in Virginia having been admitted to the Bar in 1980.

2. Johnson has engaged in the trial of criminal and civil cases since March, 1984.

3. Prior to his representation of the Petitioner in his rape trial, Johnson had handled four or five trials in felony matters, including one previous rape trial.

4. Prior to this trial, Johnson had represented the Petitioner in a domestic relations matter.

5. After his direct indictment on August 12, 1985, the Petitioner asked to have counsel appointed and asked specifically that Johnson be appointed to represent him. By order entered August 16, 1985, Johnson was so appointed.

6. Johnson met with the Defendant on August 15, September 18, October 24 and 31, December 7, 11 and 13 of 1985, and on January 3, 21 and 31 of 1986 for a total of at least nine hours.

7. Johnson spoke with the Petitioner on the telephone on November 14, 15, 20 and 22 of 1985.

8. Prior to trial, Johnson interviewed or attempted to interview all of the witnesses suggested by petitioner.

9. He attempted to interview the victim and her parents.

10. On September 19, 1985, he traveled to the [ ] home and had some discussion with [ ]. However, the latter would not answer any further questions and refused to let Johnson speak with her husband or daughter.

11. During Johnson's representation of the Petitioner, the Petitioner was not cooperative and did not maintain regular contact with Johnson.

12. Shortly after his indictment, the Petitioner moved to West Virginia and lived in a house without a telephone. As a consequence, Johnson could not contact the Petitioner except by mail and had requested that Petitioner stay in touch with him.

13. Petitioner missed several appointments with Johnson.

14. Prior to trial, Johnson and the Petitioner discussed Petitioner's prior record.

15. On October 24, 1985, Petitioner stated to Johnson that he had only two felony convictions.

16. On October 24, Petitioner was running his own business, was articulate, and did not appear confused about his own prior record.

17. Petitioner had given a statement to the police in which he had admitted to walking into the woods with the prosecutrix and brushing her breast with his hand.

18. Prior to trial, Johnson discussed the Petitioner's testifying and told him that the decision whether or not he would testify would be the Petitioner's.

19. Prior to trial, Johnson discussed character witnesses with the Petitioner. The only character witness suggested by the Petitioner was a person with whom the Petitioner was living out of wedlock. Johnson did not think it advisable to present her as a character witness and did not want character to become a central issue,

knowing the Commonwealth might produce evidence of misconduct.

20. Johnson discussed with the Petitioner the testimony of witnesses, Keene and Cooper, and pointed out to the petitioner that he thought that the testimony of Keene might not be helpful. The Petitioner requested that they both be called to testify.

21. Petitioner and Johnson had agreed upon "marital discord" and "imagination" defenses.

22. Based upon his discussion with Petitioner in which Petitioner assured Johnson that Cooper and Keene would testify that they had the Petitioner in full view the whole time, Johnson did think that the state of vegetation at the scene of the alleged crime would be a significant factor in his defense.

23. Johnson believed that the letter from the prosecutrix (Commonwealth's Exhibit 1) would be helpful to his defense.

24. At trial, Johnson believed that the testimony of the prosecutrix about petitioner's masturbation would be helpful to a fantasy ("imagination") defense.

Based upon the aforementioned findings of fact and a review of the record, the Court concludes that the Petitioner has failed to show that Mr. Johnson's performance failed to measure up to that guaranteed by the Sixth Amendment. His performance the Court finds to have been reasonable. *Payne v. Commonwealth, supra,* at 503. The Court believes that counsel adopted a trial strategy which, while not successful, was appropriate under the circumstances. *Stokes v. Warden, supra* at 118. Petitioner's position is aptly described by Mr. Murphy as an *ad hominem* attack on trial counsel. The evidence demonstrates that Mr. Johnson, despite a lack of cooperation on the part of Petitioner, diligently prepared his case and carefully considered a trial strategy which he discussed with his client. This defense had the approval of his client. In order to develop that defense, counsel permitted certain evidence to be elicited which would lend credence to his argument. The fact that such a strategy proved unsuccessful in retrospect is not the test to determine whether trial counsel's conduct was unreasonable. Accordingly, the petition will be *denied* as to the ground of ineffective assistance of counsel.

*Findings of Fact as to the Claim of Juror Misconduct*

The Court makes the following findings of fact with respect to the claim of juror misconduct:

1. Wanda Shehan did not know at the time of her *voir dire* that the Petitioner was the same person who had fathered the child of [ ].

2. Although Wanda Shehan had suspicions during the trial that Petitioner and the father of the child of [ ] might have been the same person, she put those aside and just listened to the evidence. After the trial was over, Wanda Shehan realized that Petitioner and the father of [ ]'s child were the same person.

3. Ms. Shehan had never met the Petitioner before trial.

4. Ms. Shehan was an acquaintance of [ ].

5. Ms. Shehan told [ ] she had sat on the jury that considered Petitioner's case on the day of the plenary hearing in December, 1988.

6. The Petitioner has not shown any actual bias of the part of Ms. Shehan.

Based upon the evidence presented at the plenary hearing and findings of fact contained herein, the Court finds that the Petitioner has failed to demonstrate actual bias on the part of Ms. Shehan. *United States v. Barber*, 668 F.2d 778 (4th Cir. 1982). Accordingly, the Court will deny the relief sought on grounds of juror bias.

The Court has previously addressed the issue raised as to prosecutorial misconduct. (Letter opinion of the Court of November 16, 1988.) Therefore, the Court will deny the relief sought and dismiss the petition for the reasons stated herein.