944 F.2d 900
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Levi BURGESS, Petitioner-Appellant,
v.
COMMONWEALTH OF VIRGINIA, Respondent-Appellee.
 No. 91-6060.
 United States Court of Appeals, Fourth Circuit.
 Submitted July 17, 1991.
Decided Sept. 30, 1991.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria, Albert V. Bryan, Jr., Chief District Judge. (CA-90-982-AM)
 Levi Burgess, appellant pro se.
 Leah Ann Darron, Assistant Attorney General, Richmond, Va., for appellees.
 E.D.Va.
 DISMISSED AS MODIFIED.
 Before PHILLIPS, SPROUSE and WILKINS, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Levi Burgess seeks to appeal the district court's order refusing habeas corpus relief pursuant to 28 U.S.C. § 2254. Our review of the record and the district court's opinion discloses that this appeal is without merit. We therefore deny a certificate of probable cause to appeal and dismiss the appeal, but on modified grounds.
 
 
 2
 Levi Burgess is currently serving prison sentences he received for four larcenies and a burglary. In his 28 U.S.C. § 2254 petition, he alleges that evidence used to convict him of two of the grand larcenies was obtained pursuant to an unconstitutional search and seizure and an unlawful arrest. Burgess has exhausted his state court remedies as to those claims. Burgess also alleges in an affidavit, however, that the police officers who testified at trial lied concerning the circumstances surrounding the search of his vehicle. Burgess never presented that claim at trial or on appeal. The district court granted appellee's motion to dismiss the petition, but dismissed Burgess's perjury claim without prejudice subject to his exhausting state court remedies.
 
 
 3
 The police stopped Burgess when he was driving a truck with a trailer in the early morning hours in a neighborhood where two burglaries had been reported that evening. The truck contained household items, and Burgess fit the description of the burglar provided by the burglary victims. Burgess consented to a search of the truck, and a police officer discovered five passports which had been stolen in an earlier burglary. The trial court denied Burgess's motion to suppress. The Virginia Court of Appeals and the Virginia Supreme Court denied Burgess's petitions for appeal.
 
 
 4
 Federal habeas corpus relief is not available for an alleged fourth amendment violation when the prisoner was afforded the opportunity for full and fair litigation of the issue in state court. Stone v. Powell, 428 U.S. 465; Boggs v. Bair, 892 F.2d 1193 (4th Cir.1989), cert. denied, 58 U.S.L.W. 3724 (U.S.1990); Doleman v. Muncy, 579 F.2d 1258 (4th Cir.1978). This Court need not inquire into the merits of the claim any further unless the petitioner alleges that his opportunity to litigate the claim was impaired. Doleman, 579 F.2d at 1265. The record discloses that Burgess fully litigated his fourth amendment claim in Virginia courts, and he does not allege that anything impaired that litigation. Therefore, the district court properly dismissed the search and seizure claim.
 
 
 5
 As for Burgess's allegations that the police officers committed perjury throughout the proceedings against him, the record discloses that he has never presented that claim in Virginia courts. Since Burgess did not raise this claim at trial or on appeal, it is procedurally barred in Virginia. Slayton v. Parrigan, 205 S.E.2d 680 (Va.1974), cert. denied, 419 U.S. 1108 (1975). Burgess's claim does not fall under any of the exceptions to Virginia's contemporaneous objection rule. Exhaustion does not require recourse to state courts if it appears that, at the time of filing the federal habeas petition, petitioner has no available state remedy. Teague v. Lane, 489 U.S. 288, 299 (1989). Since Burgess has no available state remedy on his perjury claim and because none of the exceptions to Virginia's procedural bar rule applies to his case, he should not be required to exhaust that claim. Accordingly, Burgess is barred from raising the perjury claim in a federal habeas corpus proceeding unless he can show cause for his default and resulting prejudice. Wainwright v. Sykes, 433 U.S. 72, 8791. He has shown neither.* We therefore dismiss the claim on modified grounds that Burgess has waived the claim by his procedural default.
 
 
 6
 We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 7
 DISMISSED AS MODIFIED.
 
 
 
 *
 Nonetheless, Burgess's perjury claim is meritless. Burgess alleges only inconsistencies in the police officer's testimony concerning distances. A defendant seeking to vacate a conviction based on an allegation that testimony was perjured must show that the testimony was perjured and that the prosecutor or other government official knew the testimony was false. Stockton v. Virginia, 852 F.2d 740 (4th Cir.1988), cert. denied, 489 U.S. 1071 (1989); United States v. Griley, 814 F.2d 967 (4th Cir.1987). Mere inconsistencies in testimony by a government witness are insufficient to warrant relief. Id