989 F.2d 493
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Benjamin H. JONES, Petitioner-Appellant,
v.
PEOPLE OF THE COMMONWEALTH OF VIRGINIA, Respondent-Appellee.
 No. 92-6989.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: January 4, 1993
Decided: March 8, 1993
 
 Appeal from the United States District Court for the Western District of Virginia, at Roanoke. James C. Turk, Chief District Judge. (CA-91-585-R)
 Benjamin H. Jones, Appellant Pro Se.
 Linwood Theodore Wells, Jr., Assistant Attorney General, Richmond, Virginia, for Appellee.
 W.D.Va.
 AFFIRMED IN PART, VACATED IN PART, AND REMANDED.
 Before HALL, MURNAGHAN, and WILLIAMS, Circuit Judges.
 PER CURIAM:
 
 OPINION
 
 1
 Benjamin H. Jones appeals from the district court's order dismissing his 28 U.S.C. § 2254 (1988) petition. We affirm in part, vacate in part, and remand. Jones was convicted in 1987 of a 1975 double murder in Virginia. Jones appealed his conviction through the Supreme Court of Virginia, raising only one of the issues in his current petition. Jones then brought the current petition, raising eight issues, all of which could have been brought on direct appeal. The district court dismissed the petition, finding that seven of Jones's claims were barred from federal review as a result of procedural default and that the remaining claim was meritless. That remaining claim was that Jones was denied his constitutional right to a timely trial on the criminal charges in Virginia.
 
 
 2
 Although an arrest warrant was issued almost immediately after the crime, Jones was not arrested on the warrant until 1986. Jones was arrested in New York, where he had spent ten years in jail on an unrelated conviction. During that time, Virginia began extradition proceedings against Jones, although the record does not reveal the time or extent of Virginia's attempts to extradite Jones. Jones vigorously fought extradition. After Virginia obtained Jones's extradition, it indicted and tried him within one year. Much of this year-long delay was due to motions for continuance and discovery by Jones.
 
 
 3
 We review dismissals for failure to state a claim de novo. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984). Our inquiry is the same as that of the district court-whether, construed in a light most favorable to the plaintiff, it is clear as a matter of law that plaintiff could not allege any set of facts consistent with his or her pleadings that would state a claim for relief. Id.
 
 
 4
 Jones's failure to comply with Virginia's rule in Slayton v. Parrigan,[1] that trial claims not brought on direct appeal are barred from habeas review, bars review in federal court of the seven claims that Jones did not bring on his direct appeal in state court. Harris v. Reed, 489 U.S. 255, 262-66 (1989). This is true even though he did not exhaust his state remedies, as the state court clearly would apply the bar. Coleman v. Thompson, 59 U.S.L.W. 4789, 4792 n.* (U.S. 1991). Jones failed to allege or show cause and prejudice or actual innocence, which is necessary to overcome the procedural bar. Harris, 489 U.S. at 262-66. Thus, the district court properly dismissed these seven claims.
 
 
 5
 Jones also alleged that he was not timely brought to trial on the murder charges. Jones's allegation encompasses both his Fifth and Sixth Amendment rights. For the less than twelve-month delay between arrest and trial, Jones's Sixth Amendment speedy trial right is involved. United States v. Marion, 404 U.S. 307, 313 (1971). For the ten-year delay between issuance of the arrest warrant and his arrest, Jones's Fifth Amendment due process right is involved. United States v. Lovasco, 431 U.S. 783, 790 (1977).
 
 
 6
 Jones's Sixth Amendment claim was properly dismissed by the district court. This claim is evaluated under the four-prong test of Barker v. Wingo, 407 U.S. 514 (1972).[2] Jones did not allege any prejudice from the short delay between arrest and trial; his own motions were the cause of a majority of the delay; and the delay was not especially long. Thus, even if the fourth prong, that of asserting one's speedy trial rights, favors Jones, it is clear that Jones cannot make out a speedy trial violation on the allegations in his pleadings. Thus, to this extent, the district court properly dismissed Jones's trial-delay claim.
 
 
 7
 However, the district court improperly dismissed Jones's trialdelay claim as it relates to the delay between issuance of the warrant and his arrest, because Jones's allegations are sufficient to show that he may be able to make out a Fifth Amendment due process violation on some version of provable facts. Such claims are analyzed case by case. Howell v. Barker, 904 F.2d 889 (4th Cir.), cert. denied, 59 U.S.L.W. 3420 (U.S. 1990). The controlling inquiry is whether a substantial delay in prosecution violated fundamental concepts of justice or the community's sense of fair play and decency. Id. at 895. Jones alleged, supported, and may be able to show actual prejudice from the delay.[3] Further, there is no evidence in the record showing Virginia's reasons for delay.[4] Therefore, it is not clear that Jones could not make out a Fifth Amendment claim if allowed to proceed to discovery. See id. (court must balance reason for delay against prejudice from delay in Fifth Amendment claim). This is especially true in light of the ten years that Jones spent in a New York prison, where he was likely amenable to an interstate detainer or a writ of habeas corpus ad prosequendum. The district court should have allowed additional fact finding to further elucidate Jones's Fifth Amendment claim. Bolding v. Holshouser, 575 F.2d 461 (4th Cir.), cert. denied, 439 U.S. 837 (1978). Because Jones might make out such a claim, dismissal was inappropriate, and we vacate the district court's order as to this claim. We grant a certificate of probable cause to appeal, affirm the dismissal of the seven procedurally barred claims and the Sixth Amendment claim, vacate the dismissal of the Fifth Amendment claim, and remand for proceedings consistent with this opinion. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 8
 AFFIRMED IN PART, VACATED IN PART,
 
 AND REMANDED
 
 9
 1 205 S.E.2d 680 (Va. 1974), cert. denied, 419 U.S. 1108 (1975).
 
 
 
 [2]
 Those prongs are (1) the length of the delay; (2) the reason for the delay; (3) assertion of the right by the accused; and (4) prejudice to the defendant. Wingo, 407 U.S. at 530
 
 
 [3]
 Jones asserted that he was prejudiced because he lost the testimony of identified alibi witnesses due to the delay. See Howell, 904 F.2d at 893-96
 
 
 [4]
 The prosecution alleged at trial that Jones had fought extradition for ten years. This may be true, but the record does not reveal any proof thereof. Further, it is possible that Virginia had other avenues of relief to gain jurisdiction over Jones that it failed to utilize. All of these considerations would bear on the reason for the delay