64 F.3d 655
 NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Robert Lee BARHAM, Petitioner-Appellant,
v.
Edward W. MURRAY, Director of the Virginia Department of
Corrections, Respondent-Appellee.
 No. 94-7164.
 United States Court of Appeals, Fourth Circuit.
 Submitted July 27, 1995.
Decided Aug. 18, 1995.
 
 Robert Lee Barham, Appellant Pro Se. Linwood Theodore Wells, Jr., Assistant Attorney General, Richmond, VA, for Appellee.
 E.D.Va.
 DISMISSED.
 Before ERVIN, Chief Judge, MOTZ, Circuit Judge, and PHILLIPS, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Appellant seeks to appeal the district court's order denying relief on his 28 U.S.C. Sec. 2254 (1988) petition. We have reviewed the record and the district court's opinion accepting the recommendation of the magistrate judge and find no reversible error. Accordingly, we deny leave to proceed in forma pauperis, deny a certificate of probable cause to appeal, and dismiss the appeal substantially on the reasoning of the district court.* Barham v. Murray, No. CA-94-383-2 (E.D.Va. Sept. 28, 1994). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.
 
 DISMISSED
 
 
 *
 The record discloses that Appellant presented three of the claims raised in this action to the Virginia Supreme Court in a state habeas corpus proceeding. The state court applied the bar of Slayton v. Parrigan, 205 S.E.2d 680 (Va.1974), cert. denied, 419 U.S. 1108 (1975), to those claims. Accordingly, federal review of those claims raised in the present petition is precluded, absent a showing of actual innocence or cause for the default and resulting prejudice. See Coleman v. Thompson, 501 U.S. 722, 732-35, 750 (1991). Appellant made no such showing. Further, the district court also properly applied the Slayton bar to Appellant's fourth claim. See Teague v. Lane, 489 U.S. 288, 297-98 (1989) (holding that where state court has not had opportunity to apply its procedural bar, federal court will nevertheless bar claim where application of bar is clear). Finally, we deny Appellant's motions to appoint counsel