UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

NORMAN BRUCE DERR,
Petitioner-Appellant,

v.                                                          No. 95-7699

JOHN JABE, Warden,
Respondent-Appellee.

Appeal from the United States District Court
for the Eastern District of Virginia, at Richmond.
David G. Lowe, Magistrate Judge.
(CA-95-284)

Submitted: February 29, 1996

Decided: April 23, 1996

Before MURNAGHAN and NIEMEYER, Circuit Judges, and
BUTZNER, Senior Circuit Judge.

_____

Dismissed by unpublished per curiam opinion.

_____

**COUNSEL**

Norman Bruce Derr, Appellant Pro Se. Leah Ann Darron, Assistant
Attorney General, Richmond, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Norman Bruce Derr seeks to appeal the magistrate judge's order denying relief on his 28 U.S.C. § 2254 (1988) petition.* His dismissed petition raised the following claims.

> (1) Evidence presented at his trial was obtained through the use of defective affidavits and search warrants;
>
> (2) the affidavits in support of the search warrants were admitted into evidence, prejudicing him because they included statements that Derr had been charged with a similar offense involving the same modus operandi;
>
> (3) there was insufficient evidence to prove him guilty beyond a reasonable doubt because:
>
> (a) the Commonwealth failed to show motive;
>
> (b) the circumstances of time, place, conduct were not consistent with guilt in view of the great variations in the testimony of two key witnesses;
>
> (c) the circumstances of time, place, and conduct were not consistent with guilt because the tracking dog might have picked up the wrong scent; and
>
> (d) the circumstances regarding the means and evidence seized from Derr's home were not consistent with guilt;

_____

*Both parties consented to the jurisdiction of the magistrate judge under 28 U.S.C. § 636(c)(1988).

2

(4) the court failed to ask the jurors whether they had seen or heard anything about the case when they reconvened on the second day of trial;

(5) he received ineffective assistance of counsel because his attorneys:

(a) failed to move to suppress the search warrants on the grounds that a police detective committed perjury when he certified that he had personal knowledge of the facts;

(b) conspired to cover up the unsigned, undated, and unsworn affidavits in support of the search warrant by leading the detective to say that all of the affidavits were presented to the magistrate contemporaneously;

(c) failed to move to suppress the warrants on the grounds that the affidavits were not signed under oath, not signed by the detective, not signed by the magistrate, not dated, and had an altered filing date;

(d) failed to move to suppress the warrants because they were not supported by probable cause;

(e) failed to raise issues (a) and (c) on appeal;

(f) failed to take advantage of an eye witness' testimony that she went into her house at a time which would have precluded her from seeing the alleged perpetrator returning to his car according to the testimony of a second eye witness;

(g) failed to object to the introduction of the search warrant and affidavits into evidence;

3

(h) failed to obtain a neutral canine trainer or fiber expert to attack the Commonwealth's experts;

(i) failed to argue to the jury that the Commonwealth did not prove abduction since that charge was merely incidental to the other offenses as a matter of law;

(j) failed to introduce all exculpatory evidence;

(k) failed to appeal a suppression decision to the Virginia Supreme Court; and

(l) failed to object to prosecutorial misconduct.

We have reviewed the record and the magistrate's opinion and find no reversible error as to claims (1), (2), (3), and (5)(b), (d), (e), (f), (g), (h), and (i). Accordingly, we dismiss these claims on the reasoning of the magistrate judge's order. Derr v. Jabe, No. CA-95-284 (E.D. Va. Sept. 15, 1995).

Addressing the remaining claims, we find claims (5)(a) and (j) to be factually meritless and claims (4) and (5)(l) to be procedurally barred. Teague v. Lane, 489 U.S. 288, 297-98 (1989); Va. Code Ann. § 8.01-654(b)(2) (Michie 1992); Slayton v. Parrigan, 215 Va. 27, 30, 205 S.E.2d 680, 682 (1974), cert. denied, 419 U.S. 1108 (1975). Turning to claim (5)(c) we note that upon challenge by Derr's attorneys, the state court held that even if the search warrants were defective, the good faith exception would apply and therefore allow the admission of the evidence. While the errors in claim (5)(c) were not properly raised before the court, we note that they are only judicial clerical errors and appear on only one affidavit. Since the good faith exception speaks exactly to this kind of error, and since the state court already found nothing to invalidate the good faith exception, we find that Derr has not met his burden of demonstrating that these clerical errors would have changed the state court's assessment. See United States v. Leon, 468 U.S. 897 (1984). Accordingly, he has not established that his attorneys' failure to raise these errors prejudiced him,

4

and we therefore dismiss the claim. <u>Strickland v. Washington</u>, 466 U.S. 668 (1984).

Finally, we address claim (5)(k)--that Derr's attorneys were ineffective for failing to immediately appeal the appellate court's decisions admitting challenged evidence. Again, we find that Derr has failed to demonstrate prejudice. The admissibility of the evidence at issue was raised before the supreme court in Derr's petition to that court following his unsuccessful appeal from the judgment in the appellate court. The supreme court found no reason to overturn the appellate court's decision on the admissibility issue. <u>Derr v. Commonwealth</u>, 242 Va. 413, 410 S.E.2d 662 (1991). Derr has provided no evidence suggesting that the supreme court would have decided differently had the issue been presented at an earlier time. Accordingly we dismiss the claim for lack of prejudice.

Given the above dispositions, we deny a certificate of probable cause to appeal and dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>DISMISSED</u>

5