# CIRCUIT COURT OF LOUDOUN COUNTY

George Rodney Jennings, Jr.

v.

Patrick Gurney, Warden,
Powhatan Correctional Center

October 28, 1997

Case No. (Law) 19356

BY JUDGE JAMES H. CHAMBLIN

In October 1992, the Petitioner was convicted by a jury in this Court of forcible sodomy and abduction with intent to defile, and, in February 1993, he was sentenced to life in the penitentiary on each conviction. These convictions were affirmed by the Court of Appeals in December 1995. *Jennings v. Commonwealth*, 21 Va. App. 328 (1995). His petition for appeal to the Virginia Supreme Court was dismissed on March 20, 1996. On July 11, 1997, the Petitioner filed herein a Petition for Writ of Habeas Corpus in this Court attacking his convictions based on claims involving double jeopardy, prosecutorial misconduct, ineffective assistance of counsel, the admission of evidence at trial of prior bad acts, and juror misconduct. The Respondent filed an Answer on August 13, 1997, asking that the Petitioner's claims be denied and the Petition be dismissed.

Counsel argued the issues raised by the pleadings on September 30, 1997, at which time the Respondent conceded that the Petitioner had been denied, through no fault of his own, his right of appeal to the Supreme Court from the Court of Appeals. Leave was granted to the Respondent to join in an application to the Supreme Court for a late petition for appeal. The Petitioner's petition for appeal had been denied by the Supreme Court because the petition for appeal did not contain assignments of error as required by Rule 5:17(c). An order allowing the Petitioner to seek a delayed appeal to the Virginia Supreme Court was entered on October 14, 1997.

The other claims of the Petition were taken under advisement.

For the reasons that follow, the other claims of the Petitioner are denied and the Petition is dismissed.

For purposes of the rulings herein, all facts alleged in the Petition are deemed to be true (except when contradicted by the record), and the record in this Court (Criminal No. 8063) as returned from the Court of Appeals (Record No. 0424-93-4) has been considered. This record was made a part of the record in this *habeas* proceeding upon oral motion of the Respondent, which was granted on September 30, 1997. Also, by agreement of counsel on the same date, it is deemed to be true that the Petitioner was compelled by a court as part of his probation in another case prior to his trial which is the subject of this proceeding to provide information to his therapist who testified at the trial to incriminating statements made to her by the Petitioner.

## I. *Double Jeopardy*

The Petitioner's claim arises out of two mistrials which were granted by the trial court before the Petitioner was convicted at the third trial. The first trial ended on September 14, 1992, when a witness for the Commonwealth did not testify as proffered by the Commonwealth. The second trial ended in a mistrial on September 29, 1992, when a criminal investigator revealed on cross-examination exculpatory material not previously provided to the Petitioner. Both mistrials were declared on motion of the Petitioner. At the granting of each mistrial, the trial court, after giving both the Commonwealth and the Petitioner a full and sufficient opportunity to present evidence, proffer, and argue, specifically found no misconduct on the part of the Commonwealth.

The Petition alleges that the trial court failed to find a manifest necessity for either mistrial and to consider reasonable alternatives to a mistrial. A review of the record does not support this allegation.

During the trials, the Commonwealth was permitted to present evidence of prior bad acts of the Petitioner for the limited purpose of showing the intent of the Petitioner. This ruling was affirmed by the Court of Appeals. At the first trial, the Commonwealth proffered that a witness would testify that, prior to the offenses for which the Petitioner was on trial, she had been the victim of sodomy by the Petitioner during which she was physically restrained and subjected to anal intercourse, the same sexual act the Petitioner was accused of at his trial. When the witness testified, she stated only that she had been subjected to vaginal intercourse. The highly prejudicial nature of this testimony which suddenly became inadmissible clearly shows the manifest

necessity for the mistrial. The trial court found that the Commonwealth was without fault as to this unexpected testimony. Clearly, a cautionary instruction to the jury would have been improper because no juror could disregard this damaging testimony about the Petitioner.

At the second trial, an investigator testified completely unexpectedly on cross-examination that the victim had been the subject of a rectal examination by a doctor after the offenses, and the doctor's report showed no signs of trauma. The Petitioner moved for dismissal of the charges because of a *Brady* violation. The trial court denied the motion. The Petitioner thEn moved for mistrial which was denied, but the trial court continued the issue for about a day for further hearing and directed that the jury return the day after. The next day the trial court, after a full hearing, found no evidence of an intentional withholding of this evidence by the Commonwealth. The Petitioner renewed his motion for a mistrial, which was granted. With the medical issues involved and the possible need for expert medical assistance by the Petitioner, a brief continuance was not appropriate. Again, a clear manifest necessity for the mistrial existed.

The issue of double jeopardy was raised on appeal to the Court of Appeals in the context of prosecutorial misconduct as to the second mistrial. On direct appeal, the Petitioner claimed that the trial court erred in not granting the Petitioner's motion to dismiss for prosecutorial misconduct. The Court of Appeals in its order of March 14, 1994, denied the petition for appeal on this ground. The three judge panel found that the evidence proved that the prosecutor's failure to reveal potentially exculpatory evidence was not intentional; and, therefore, the trial court's denial of his motion to dismiss on the ground of prosecutorial misconduct did not violate his double jeopardy rights.

The Court of Appeals disposed of the double jeopardy claim as to the second mistrial on direct appeal. This claim is a claim of trial court error which is not recognizable in a *habeas corpus* proceeding. *Slayton v. Parrigan*, 215 Va. 27 (1974).

Assuming that the issue of double jeopardy as to the first mistrial was not raised on direct appeal and that it could be raised in this *habeas corpus* proceeding, there was no constitutional deprivation. The manifest necessity for a mistrial existed, the Petitioner moved for a mistrial, and there was no evidence that the prosecutor "goaded" the defendant into asking for a mistrial so as to allow a double jeopardy bar under *Oregon v. Kennedy*, 456 U.S. 667 (1982).

## II. *Prosecutorial Misconduct*

A review of the record does not support a finding that the prosecutor violated his constitutional duty to refrain from improper methods calculated to produce a wrongful conviction. The record discloses a zealous prosecution.

The record does not support a claim that the prosecutor "failed to control" the witness whose testimony necessitated the first mistrial. Additionally, the trial court specifically found no misconduct by the Commonwealth.

Similarly, the record does not support any misconduct by the prosecutor as to the medical report on the victim which led to the second mistrial. Again, the trial court found no misconduct by the Commonwealth as to the report.

The record does not support the claim of the prosecutor's personal animus and hostility toward the Petitioner so as to cause any constitutional deprivation. Even if the Commonwealth used information obtained from an illegal search and seizure (it should be noted that there is no allegation of the reason for the illegality or how the prosecutor was involved in the alleged illegality) to obtain other indictments against the Petitioner, tried to use other bad acts evidence which the trial court did not allow, announced the new indictments at the start of the third trial, and repeatedly sought to revoke his bond, probation, or work release status, there is nothing in the record to support a finding that such conduct was highly distracting and prejudicial to the Petitioner's defense.

## III. *Ineffective Assistance of Counsel*
### A. *Double Jeopardy*

The Petitioner claims that, at trial, his counsel was ineffective for failure to raise "the meritorious point of double jeopardy." As stated above, the Petitioner's double jeopardy claim is not meritorious. Although it is not clear from the record whether Petitioner's counsel did assert a double jeopardy argument at trial, it makes no difference because of the lack of merit in the claim. Counsel is not ineffective for failing to make a motion that lacks merit. Even if Petitioner's counsel did not use the words "double jeopardy," his arguments on the motions to dismiss at trial raised the issue that would have set up a double jeopardy bar, prosecutorial misconduct which caused the mistrial. This issue was raised and argued by Petitioner's trial counsel and ruled on by the trial court.

Given what occurred at the first two trials and the trial court's findings of no misconduct by the Commonwealth leading to each mistrial, the actions of trial counsel as to each mistrial situation are in no way objectively deficient

and caused no prejudice to the Petitioner. Under the circumstances, trial counsel did what would have been expected from reasonably prudent counsel when confronted with each situation which led to a mistrial.

### B. *Failure to Object to Therapist's Testimony on Fifth Amendment Grounds*

The Petitioner alleges that his trial counsel was ineffective because he failed to object to the damaging testimony of the Petitioner's therapist on self-incrimination grounds. During the Commonwealth's case-in-chief, a therapist who had previously assessed the Petitioner for treatment testified that he had admitted to prior bad acts of anal sodomy. The Petitioner had been court-ordered to seek such treatment as a part of his probation on a previous charge. He was compelled also to cooperate by providing information about himself as a condition of his probation.

This claim lacks merit because there is no Fifth Amendment protection under such circumstances for the reasons stated in *Husske v. Commonwealth*, 252 Va. 203, 214-217 (1961). Trial counsel is not required to make groundless objections. He did object to the therapist's testimony as inadmissible "other crimes" on bad acts evidence which raised an evidentiary issue that is not nearly as clear cut as the Fifth Amendment issue. *See* Judge Barrow's dissent in *Jennings v. Commonwealth*, 20 Va. App. 9, 19 (1995). The failure to make the Fifth Amendment objection was not objectively deficient or prejudicial to the Petitioner.

### IV. *Prior Bad Acts and Juror Misconduct*

The Petitioner's claims concerning the admissibility of the prior bad act evidence at trial and the trial court's handling of the alleged juror misconduct were raised both at trial and on appeal. The Court of Appeals order of March 14, 1994, denied the Petitioner's petition for appeal on the jury misconduct issue. The Court of Appeals in published opinions at 20 Va. App. 9 (1995), and 21 Va. App. 328 (1995) (*en banc*), affirmed the trial court's ruling as to the admissibility of the prior bad acts evidence.

Under *Slayton*, these alleged trial court errors are ones cognizable on direct appeal but not in a *habeas corpus* proceeding.

### V. *Final Order*

Let Ms. Darron prepare an order dismissing the Petition for the reasons stated herein, to which Mr. Freedman may note any exceptions.