Present: Hassell, C.J., Lacy, Keenan, Koontz, Kinser, and Lemons, JJ., and Carrico, S.J.

MICHAEL W. LENZ

OPINION BY CHIEF JUSTICE LEROY R. HASSELL, SR.

v. Record No. 012883          April 17, 2003

WARDEN OF THE SUSSEX I
STATE PRISON

UPON A PETITION FOR A WRIT OF HABEAS CORPUS

I.

Petitioner, Michael William Lenz, was convicted of the willful, deliberate, and premeditated killing of a person by a prisoner confined in a state or local correctional facility in violation of Code § 18.2-31(3). The jury fixed his punishment at death, and the circuit court sentenced petitioner in accordance with the jury verdict. We affirmed the judgment of the circuit court in Lenz v. Commonwealth, 261 Va. 451, 544 S.E.2d 299, cert. denied, 534 U.S. 1003 (2001). In view of our resolution of this proceeding, it is not necessary that we discuss the underlying facts related to petitioner's convictions.

II.

As permitted by Code § 8.01-654, Lenz filed a petition for a writ of habeas corpus in this Court against Page True, Warden, Sussex I State Prison, alleging, among other things, that his trial counsel were ineffective. The Warden filed a motion to dismiss, and this Court entered an order directing

that the Circuit Court of Augusta County conduct an evidentiary hearing limited to certain issues. This Court took petitioner's remaining claims under advisement.

The circuit court conducted the evidentiary hearing required by this Court pursuant to Code § 8.01-654(C) and submitted its written report to this Court, which entered orders establishing a schedule for the submission of briefs. Petitioner filed an opening brief that only addressed the issues that were the subject of the circuit court's evidentiary hearing. Petitioner, in his opening brief, did not discuss the issues that this Court had taken under advisement, including petitioner's claim that trial counsel were ineffective because they failed to challenge the verdict form during petitioner's capital murder trial.

The Warden, relying upon our decision in Hedrick v. Warden, 264 Va. 486, 570 S.E.2d 840 (2002), argues that this Court must dismiss all petitioner's claims that were not discussed in his opening brief, including his ineffective assistance of counsel claims that were asserted in the petition for a writ of habeas corpus. We disagree with the Warden.

It is true, as the Warden asserts, that in Hedrick, we held that a petitioner's claims were procedurally defaulted because the petitioner, who had asserted those claims in his

petition for a writ of habeas corpus, failed to discuss those claims in his opening brief.  264 Va. at 522, 570 S.E.2d at 862.  However, in this case, unlike the petitioner in Hedrick, Lenz specifically incorporated by reference in his opening brief the arguments that he advanced in his petition for a writ of habeas corpus.  We think that this is a material difference, and we hold that petitioner's claims that he specifically incorporated by reference as a part of his opening brief are not procedurally barred.

We recognize that we have repeatedly held that a litigant cannot incorporate by reference arguments that were made in another court or in another case.  See Schmitt v. Commonwealth, 262 Va. 127, 138, 547 S.E.2d 186, 194 (2001), cert. denied, 534 U.S. 1094 (2002); Burns v. Commonwealth, 261 Va. 307, 319, 541 S.E.2d 872, 881, cert. denied, 534 U.S. 1043 (2001); Hedrick v. Commonwealth, 257 Va. 328, 336, 513 S.E.2d 634, 638-39, cert. denied, 528 U.S. 952 (1999); Pulliam v. Coastal Emergency Servs., Inc., 257 Va. 1, 20 n.12, 509 S.E.2d 307, 318 n.12 (1999); Williams v. Commonwealth, 248 Va. 528, 537, 450 S.E.2d 365, 372 (1994), cert. denied, 515 U.S. 1161 (1995); Mickens v. Commonwealth, 247 Va. 395, 401 n.4, 442 S.E.2d 678, 683 n.4, vacated and remanded on other grounds by 513 U.S. 922 (1994); Jenkins v. Commonwealth, 244 Va. 445, 460-61, 423 S.E.2d 360, 370 (1992), cert. denied, 507 U.S.

3

1036 (1993); Spencer v. Commonwealth, 240 Va. 78, 99-100, 393 S.E.2d 609, 622, cert. denied, 498 U.S. 908 (1990). And, we adhere to these prior rulings. However, in this case, petitioner's petition for a writ of habeas corpus was filed with the Clerk of this Court. Unlike the situation that may exist when a litigant seeks to incorporate by reference arguments filed in another court or in another case, this Court has no difficulty ascertaining the exact arguments that petitioner has incorporated by reference from other pleadings filed in this Court.

### III.

### A.

Petitioner argues, among other things, that his trial counsel were ineffective because they failed to object to the verdict form during the sentencing phase of his capital murder trial. Petitioner, relying principally upon our decision in Atkins v. Commonwealth, 257 Va. 160, 510 S.E.2d 445 (1999), argues that trial counsel were ineffective because they failed to object to the verdict form that was incomplete and inaccurate. This verdict form failed to inform the jury that it could sentence petitioner to life imprisonment even if the jury found petitioner guilty of both aggravating factors beyond a reasonable doubt. Continuing, petitioner states that his trial counsel did not challenge the verdict form either in

4

the circuit court or in petitioner's initial brief filed on appeal.

We agree with petitioner. In Atkins, we considered whether a jury, at the conclusion of the sentencing phase of a capital murder trial, was properly instructed when "the verdict form failed to provide the jury with the option of sentencing [the defendant] to life imprisonment upon a finding that neither of the aggravating factors of future dangerousness or vileness was proven beyond a reasonable doubt." 257 Va. at 177-78, 510 S.E.2d at 456. We observed that "it is materially vital to the defendant in a criminal case that the jury have a proper verdict form." Id. at 178, 510 S.E.2d at 456.

We reversed the circuit court's judgment in Atkins that imposed the sentence of death upon the defendant because the jury verdict form was not accurate. The form that was submitted to the jury "contained no alternative finding permitting the jury to impose only a life sentence if neither future dangerousness nor vileness had been proven beyond a reasonable doubt." Id.

When we considered Lenz' direct appeal to this Court, we raised, sua sponte, the issue whether the verdict form was proper in light of our decision in Atkins. We directed counsel to address this issue. Petitioner's trial counsel

responded to our directive and stated that the jury verdict form they drafted was defective because the form did "not include the alternatives that, having found the defendant guilty of capital murder, the jury could find either or both of the aggravating factors and still impose a life sentence." This Court did not consider petitioner's arguments on direct appeal because they were neither raised in the circuit court nor were they the subject of an assignment of error before this Court during the appeal.  Lenz, 261 Va. at 472, 544 S.E.2d at 311.

The jury in the sentencing phase of Lenz' capital murder trial was given the following form which is almost identical to the language contained in Code § 19.2-264.4(D):

> "We, the Jury, on the issue joined, having found the
> defendant guilty of Capital Murder, as charged in
> the indictment, and having considered the evidence
> in aggravation and mitigation of the offense, fix
> his punishment at imprisonment for life."

This form, however, did not satisfy our holding in Atkins because the form failed to inform the jury that it could impose a sentence of life imprisonment or a sentence of life imprisonment and a fine if the jury found that neither of the aggravating factors had been proven beyond a reasonable doubt. Therefore, we are compelled to conclude that the above-referenced form, which is almost identical to the language

6

contained in Code § 19.2-264.4(D), is not sufficient to satisfy our holding in Atkins.

We disagree with the Warden's contention that petitioner's trial counsel could not "have been ineffective for failing to object to a verdict form mandated by statute and which repeatedly had been held by this Court to be proper." Our decision in Atkins, holding that it is materially vital to a defendant in a criminal case that the jury be given a proper verdict form reflecting its sentencing options, was rendered in February 1999, one and one-half years before petitioner's jury was instructed. Atkins, 257 Va. at 178, 510 S.E.2d at 456.

We note that in June 2001, we decided Powell v. Commonwealth, 261 Va. 512, 552 S.E.2d 344 (2001). In Powell, we held that a verdict form identical to the one used in the present case was improper because the form failed to state that the jury could impose a sentence of life imprisonment, even after finding the defendant guilty of one or both aggravating factors beyond a reasonable doubt. 261 Va. at 545, 552 S.E.2d at 363. Thus, here, as in Powell, the absence of this sentencing alternative from the verdict form constituted error in the sentencing phase of the capital murder proceeding. Id.

7

We disagree with the Warden that petitioner has not suffered any prejudice.  Our above-stated holding in Atkins requires a finding of prejudice because had counsel assigned error to the verdict form during the direct appeal of the judgment, petitioner would have received a new sentencing proceeding.  See Atkins, 257 Va. at 179, 510 S.E.2d at 457. See also Williams v. Taylor, 529 U.S. 362, 394-95 (2000); Strickland v. Washington, 466 U.S. 668, 694 (1984); Hedrick v. Warden, 264 Va. at 496-97, 570 S.E.2d at 847; Powell, 261 Va. at 545, 552 S.E.2d at 363.

### B.

In view of our ruling that will require petitioner to receive a new sentencing hearing, we need not consider his habeas corpus claims that relate to his prior sentencing hearing.

### C.

Petitioner argues that he "was denied his right to counsel at a critical stage of the proceedings due to the trial court's refusal to order that Lenz be transported to a location where he could have reasonable access to his attorneys until a week before his capital trial commenced, and due to the conditions under which the Commonwealth forced trial counsel to consult with Lenz during the months prior to his trial."  This claim is procedurally defaulted because it

8

could have been raised at trial and on direct appeal.  Slayton v. Parrigan, 215 Va. 27, 30, 205 S.E.2d 680, 682 (1974), cert. denied, 419 U.S. 1108 (1975).

We recognize that in his brief on direct appeal, petitioner argued that he was "denied effective assistance of [c]ounsel in that the Department of Corrections housed [him] hours away from the site of the trial and of the offices of his appointed attorneys.  Because of these great distances the defendant could only meet with his attorneys for a short period of time.  The time the defendant spent with his attorneys was much less than the travel time to and from the location."  Lenz, 261 Va. at 460, 544 S.E.2d at 304.  We refused to consider this claim on direct appeal because in this Commonwealth, "[c]laims raising ineffective assistance of counsel must be asserted in a habeas corpus proceeding and are not cognizable on direct appeal."  Id.  However, in petitioner's petition for a writ of habeas corpus, he does not allege that his counsel were ineffective for this reason.  Rather, he asserts that he was denied his right to counsel at a critical stage of the proceedings, which is different from a claim of ineffective assistance of counsel.

Petitioner argues that "[t]he death penalty in Virginia is unconstitutional."  This argument was raised on direct appeal and petitioner may not assert this argument again in

this habeas corpus proceeding.  <u>Slayton</u>, 215 Va. at 30, 205 S.E.2d at 682.

D.

Petitioner argues that his trial counsel were ineffective because they "fail[ed] to object to the Department of Corrections' unilateral decision to place a stun belt on [petitioner] throughout his trial, without any showing of need, denied [petitioner] his rights to be tried without restraint, to effective assistance of counsel, and to a fair trial."  We disagree.

During a pretrial hearing, petitioner's trial counsel asked the circuit court for permission to purchase civilian clothes for the petitioner, even though he was an inmate. Trial counsel did not want petitioner to appear before a jury wearing a prison-issued jumpsuit and shackles.  The circuit court inquired whether petitioner could wear a stun belt because "if he were to escape, that would be a danger to the public."  Apparently, petitioner was required to wear a stun belt during his trial.

In view of petitioner's criminal history, which included multiple convictions for escape from custody, we hold that trial counsel were not ineffective because they did not object to the circuit court's decision to require this inmate to wear a stun belt.  Even habeas counsel do not dispute that

10

petitioner was a risk to the public if he were able to escape. There is nothing in this record that indicates the jury observed a stun belt on petitioner during his trial. Petitioner failed to demonstrate prejudice because he cannot show that there is a "reasonable probability" that, but for counsel's [allegedly] unprofessional errors, the result of the proceeding would have been different. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694; accord Bell v. Cone, 535 U.S. 685, 695 (2002); Roe v. Flores-Ortega, 528 U.S. 470, 482 (2000); Hedrick v. Warden, 264 Va. at 497, 570 S.E.2d at 847. Accordingly, we hold that petitioner fails to satisfy the performance or prejudice standards established in Strickland v. Washington.

E.

Petitioner argues that his trial counsel "were ineffective for failing to object to jury instructions that incorrectly permitted the jury to convict [petitioner] of capital murder even if [the jury] did not find that the [Commonwealth] had proven beyond a reasonable doubt that [petitioner] was . . . the actual perpetrator of the victim's death." Petitioner's contention is without merit.

The evidence at trial established that Lenz and another inmate stabbed the victim with knives numerous times. The

11

victim incurred a total of 68 stab wounds and all the wounds contributed to the victim's death. During the guilt phase of petitioner's capital murder trial, the circuit court instructed the jury that it may convict petitioner of capital murder if the Commonwealth proved "beyond a reasonable doubt that [petitioner] was an active and immediate participant in the act or acts that caused the victim's death."

In view of the facts, the instruction that the circuit court gave the jury was a correct statement of law, and we approved that instruction in Strickler v. Commonwealth, 241 Va. 482, 493-95, 404 S.E.2d 227, 234-35, cert. denied, 502 U.S. 944 (1991). Contrary to petitioner's arguments, he was not entitled to a jury instruction that he could only be convicted of capital murder in the event the jury found beyond a reasonable doubt that he was the "triggerman." As we have held, "a defendant who 'jointly participated in [a] fatal beating' was subject to conviction and punishment for capital murder, [when] the other requisite elements were present. We adhere to the view that [when] two or more persons take a direct part in inflicting fatal injuries, each joint participant is an 'immediate perpetrator' for the purposes of the capital murder statutes." Id. at 495, 404 S.E.2d at 235. Thus, we hold that trial counsel were not ineffective because they had no basis upon which to object to the challenged jury

12

instruction, which was appropriate in view of the facts presented to the jury during the guilt phase of petitioner's capital murder trial.

IV.

Accordingly, we will dismiss all petitioner's claims except his claim that asserted he was denied effective assistance of counsel because trial counsel failed to object to the improper verdict form.  We will grant that portion of the petition for a writ of habeas corpus challenging the use of the improper verdict form, and petitioner shall be granted a new sentencing hearing.

Petition dismissed in part, granted in part, and case remanded to the circuit court for a new sentencing hearing.

13