**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 10-6879

JESSE DUNAWAY,

                 Petitioner - Appellant,

         v.

DIRECTOR OF THE VIRGINIA DEPARTMENT OF CORRECTIONS,

                 Respondent - Appellee.

Appeal from the United States District Court for the Western
District of Virginia, at Roanoke.  Jackson L. Kiser, Senior
District Judge. (7:10-cv-00120-jlk-mfu)

Submitted:  February 7, 2011          Decided:  March 4, 2011

Before DUNCAN, DAVIS, and WYNN, Circuit Judges.

Dismissed by unpublished per curiam opinion.

Jesse Dunaway, Appellant Pro Se.  Eugene Paul Murphy, OFFICE OF
THE ATTORNEY GENERAL OF VIRGINIA, Richmond, Virginia, for
Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jesse Dunaway seeks a certificate of appealability authorizing him to challenge the district court's order denying relief on his 28 U.S.C. § 2254 petition. In that petition, Dunaway asserted that his Virginia conviction for being an organizer of a continuing criminal enterprise was obtained in violation of his federal constitutional rights because (1) the jury did not unanimously agree to all the elements of his continuing criminal enterprise offense, (2) the jury received defective instructions before deliberating, (3) the state courts unconstitutionally interpreted the controlling Virginia statute, and (4) his trial counsel provided ineffective assistance.

The district court concluded that Dunaway's first three claims were procedurally barred. When the district court denies relief on procedural grounds, a petitioner seeking a certificate of appealability must show, "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473 (2000)(emphasis added). We do not believe that Dunaway has shown any room for debate regarding the correctness of the district court's procedural ruling. "If a state court clearly

2

and expressly bases its dismissal of a habeas petitioner's claim on a state procedural rule, and that procedural rule provides an independent and adequate ground for the dismissal, the habeas petitioner has procedurally defaulted his federal habeas claim." Breard v. Pruett, 134 F.3d 615, 619 (4th Cir. 1998). Here, the state court expressly dismissed Dunaway's first three claims on the grounds that they were procedurally barred under Slayton v. Parrigan, 205 S.E.2d 680 (Va. 1974) (requiring a defendant to present federal constitutional claims during the trial and appellate phases or risk waiving those claims during post-conviction proceedings). This court has stated that "the procedural default rule set forth in Slayton constitutes an adequate and independent state law ground for decision." Mu'min v. Pruett, 125 F.3d 192, 196 (4th Cir. 1997). Consequently, "absent cause and prejudice or a miscarriage of justice to excuse the procedural default," a federal court cannot review Dunaway's first three claims. Wright v. Angelone, 151 F.3d 151, 160 (4th Cir. 1998).

Dunaway asserts that his fourth claim, alleging ineffective assistance of counsel, constitutes the "cause" of his procedural default and justifies federal relief. The district court disagreed. The district court ruled on the merits of Dunaway's ineffective assistance of counsel claim, so we must consider

3

whether "reasonable jurists would find the district court's assessment of the constitutional claim[] debatable or wrong." Slack, 529 U.S. at 484. Dunaway alleges that the jury did not identify three or more specific violations of drug laws which would establish the continuing series of violations necessary to sustain a conviction for being the organizer of a continuing criminal enterprise in violation of Va. Code Ann. § 18.2-248(H2) (2009). He claims that his trial counsel provided ineffective assistance by failing to raise this issue during the trial and during post-trial proceedings. To establish ineffective assistance of counsel, petitioner must demonstrate that counsel's representation "fell below an objective standard of reasonableness," Strickland v. Washington, 466 U.S. 668, 688 (1984), and that "the deficient performance prejudiced the defense," id. at 687. The Virginia Supreme Court concluded that the jury instructions issued in Dunaway's case were proper and that Dunaway's trial counsel had no valid basis to object. Petitioner fails to show that this conclusion "was contrary to, or involved an unreasonable application of, clearly established Federal law," 28 U.S.C. § 2254(d)(1), or constituted "an unreasonable determination of the facts in light of the evidence presented in the state court proceeding," id. § 2254(d)(2). Consequently, we decline to hold that the district court's

4

adjudication of Dunaway's ineffective assistance claim could be reasonably labeled wrong or debatable.

Because his ineffective assistance claim fails, Dunaway has also failed to show cause and prejudice excusing the procedural default of his first three claims.  In short, because Dunaway fails to make "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c), he has failed to make the requisite showing to warrant the issuance of a certificate of appealability. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED