Marvin Edward JENNINGS, Petitioner,

v.

E.M. GRIZZARD, et al., Respondents.

Civ. A. No. 90–0466–R.

United States District Court,
W.D. Virginia,
Roanoke Division.

Sept. 25, 1991.

---

C. Jay Robbins, IV, Outland, Gray, O'Keefe and Hubbard, Chesapeake, Va., for petitioner.

Linwood T. Wells, Jr., Office of the Atty. Gen., Richmond, Va., for respondents.

## MEMORANDUM OPINION

KISER, District Judge.

Marvin Edward Jennings, an inmate at Southampton Reception and Classification Center, has filed a petition seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Jennings challenges the constitutionality of his conviction by the Circuit Court of the City of Salem for first degree murder and the use of a firearm in the commission of a murder. Petitioner was found guilty in a jury trial and was sentenced to a total of life imprisonment plus two (2) years. As his grounds for relief, petitioner alleges that:

(1) certain jury instructions unlawfully shifted the burden of persuasion to the petitioner; and,

(2) there was insufficient evidence to support his conviction.

Respondents, through counsel, filed a motion to dismiss. Pursuant to the standard established by the Fourth Circuit Court of Appeals, this court notified the petitioner of respondents' motion. *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975). Petitioner was given an opportunity to respond to respondents' motion. Petitioner was also warned that failure to so respond might, if appropriate, result in judgment being granted for the respondents. Petitioner has responded. The action is, therefore, ripe for this court's consideration.

■ Petitioner's first ground for relief alleges that certain jury instructions given at his trial unlawfully shifted the burden of persuasion to the defendant. Specifically, petitioner refers to the following instructions:

Once the Commonwealth has proved there was an unlawful killing, then you are entitled to infer there was malice and that the act was murder in the second degree unless, from all the evidence, you have a reasonable doubt as to whether malice existed.

You may infer malice from the deliberate use of a deadly weapon unless, from all the evidence, you have a reasonable doubt as to whether malice existed.

Maliciously means intentionally doing a wrongful act to another without legal excuse or justification. Malice implies that the mind of the actor is under the control of reason. It excludes heat of passion. Malice and heat of passion cannot coexist. Malice includes not only anger, hatred or revenge, but every unlawful or unjustifiable motive.

Malice may be inferred from any wilful, deliberate and cruel act against another.

Petitioner argues that the instructions are unconstitutional because a reasonable juror could interpret the instructions to require petitioner to disprove affirmatively the inference of malice stated in the instructions.

The respondents argue that petitioner's claim is procedurally barred since the petitioner did not raise the issue at trial or on

direct appeal.[1] The Virginia Supreme Court denied petitioner's state habeas petition on the grounds that petitioner's claim was barred due to petitioner's failure to raise the issue at trial or on direct appeal. Petitioner counters by asserting that his failure to raise the issue was due to the unsettled nature of the law in this area at the time. Therefore, petitioner argues that he has established cause which would excuse his procedural default.

Under the due process clause, a person is innocent until the government proves his guilt beyond a reasonable doubt. *In re Winship,* 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970). The prosecution's burden extends to every "fact necessary to constitute a crime." *Mullaney v. Wilbur,* 421 U.S. 684, 95 S.Ct. 1881, 44 L.Ed.2d 508 (1975). However, it is permissible to shift the burden of going forward on an element of the crime to the defendant so long as there is a rational connection between the facts proved and the fact inferred. *Tot v. United States,* 319 U.S. 463, 63 S.Ct. 1241, 87 L.Ed. 1519 (1943); *County Court of Ulster County v. Allen,* 442 U.S. 140, 99 S.Ct. 2213, 60 L.Ed.2d 777 (1979); *Davis v. Allsbrooks,* 778 F.2d 168 (4th Cir.1985). The specific test is whether the ultimate fact is "more likely than not to flow from" the basic fact. *Ulster County, supra.* When reviewing a challenge to the use of a permissive inference, the party challenging the inference must demonstrate its invalidity as applied to him. *Ulster County, supra.*

Even assuming that petitioner has established "cause" which would excuse his procedural default in the state courts, I am of the opinion that petitioner has failed to demonstrate that the challenged instructions were constitutionally deficient as applied in this case. "Common experience dictates that any time a killing is done intentionally with a deadly weapon under circumstances containing no suggestion that it was done in suddenly provoked passion or in self-defense, the most rational inference—certainly one that could be drawn beyond a reasonable doubt from those circumstances—is that it was done 'with malice' and 'unlawfully'." *See Davis v. Allsbrooks,* 778 F.2d 168 (4th Cir.1985) (Phillips, J., concurring). Thus, applying the test articulated in *Ulster County* and *Tot,* I conclude that there is a rational connection between the facts proved—an intentional killing with a deadly weapon—and the fact inferred—malice. *Tot, supra Ulster County, supra.*

I am also of the opinion that the petitioner has failed to demonstrate that the challenged instructions were unconstitutional as applied to him. In the present case, the question of malice was simply not at issue. Petitioner's defense at trial was that the decedent had committed suicide. Thus, the petitioner offered absolutely no evidence as to the issue of malice. He introduced no evidence on heat of passion or self-defense. Accordingly, in instructing the jury as to its deliberations should it find against petitioner on the underlying issue, i.e., by finding that petitioner committed a homicide, it was appropriate to instruct that the jury could infer malice in the absence of any evidence to the contrary. Therefore, I conclude that the burden of production, if any, created by the challenged instructions was not unconstitutional as applied to petitioner's case. *Ulster County, supra; Davis v. Allsbrooks, supra.*

Petitioner's reliance on *Cosby v. Jones,* 682 F.2d 1373 (11th Cir.1982) and *West v. Wright,* 931 F.2d 262 (4th Cir.1991) is unpersuasive. First, in both *Cosby* and *West,* the defendants offered explanations negating the inferred fact. Here, as mentioned above, petitioner · offered no evidence to negate the challenged inference, i.e., malice. Secondly, both *Cosby* and *West* were

---

1. The court notes that respondents may have had a defense to petitioner's claim based on an abuse of the writ. Petitioner filed a federal *habeas* petition in 1986, in which he did not raise a challenge to the validity of the above instructions. *Francis v. Franklin,* 471 U.S. 307, 105 S.Ct. 1965, 85 L.Ed.2d 344 (1985), a case heavily relied upon by the petitioner in the present petition as establishing "cause" for his default, was decided by the Court in 1985.

decided under a *Jackson v. Virginia* standard. In other words, in both cases, there was no direct evidence that tended to corroborate the inference. Here, as will be discussed below, there was sufficient evidence, separate and apart from the inference, to support petitioner's conviction. Thus, I conclude that *Cosby* and *West* do not control the resolution of this petition.

■ Petitioner also challenges his conviction on the ground that there was insufficient evidence to support his conviction. I note that the petitioner previously raised this claim in a federal *habeas* petition filed in 1986, and that Chief United States District Judge James C. Turk found the claim to be without merit and that there was sufficient evidence to support petitioner's conviction. (Civil Action No. 86–0155–R). I agree.

■ A petitioner is entitled to habeas relief if it is found that upon the record evidence adduced at trial no rational trier of fact could have found guilt beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). The court must view the evidence in the light most favorable to the prosecution and all of the evidence is to be considered. *Id.*

Viewing the evidence in a light most favorable to the Commonwealth, I find that the evidence at trial was sufficient to support petitioner's conviction. A document examiner testified that in his opinion the deceased did not write the "J" used to sign the alleged suicide note. Several witnesses testified that the defendant had engaged in extra-marital affairs while married to the victim. The petitioner gave inconsistent statements to the police concerning the events surrounding his wife's death. Petitioner's ex-wife testified that the petitioner had threatened her during their marriage. Thus, I am of the opinion that the evidence adduced at petitioner's trial was such that a jury could find the essential elements of first degree murder and use of a firearm in commission of a crime beyond a reasonable doubt.

For the reasons stated above, I conclude that petitioner's petition for a writ of habeas corpus must be denied.