23 F.3d 402
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 Earl SAND, Petitioner-Appellant,
v.
Edward W. MURRAY, Director of the Virginia Department of
Corrections, Respondent-Appellee.
 No. 93-6250.
 United States Court of Appeals, Fourth Circuit
 Submitted: August 16, 1993.
Decided: May 17, 1994.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk. Henry C. Morgan, Jr., District Judge. (CA-92-566-N)
 Earl Sand, Appellant Pro Se.
 Katherine P. Baldwin, OFFICE OF THE ATTORNEY GENERAL OF VIRGINIA, Richmond, Virginia, for Appellee.
 E.D.Va.
 DISMISSED.
 Before WIDENER and HALL, Circuit Judges, and SPROUSE, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Earl Sand appeals from a district court's order denying his 28 U.S.C. Sec. 2254 (1988) petition. We find that the district court properly denied Sand's claims. Consequently, we deny a certificate of probable cause to appeal, and we dismiss this appeal.
 
 
 2
 Sand was convicted in Virginia state court of rape and sodomy and sentenced to fifty years imprisonment in 1989. He appealed the conviction, alleging that the evidence, as a whole, established reasonable doubt. Sand's appeal was denied, and he subsequently filed a state habeas petition. In that petition, he alleged insufficiency of the evidence and ineffective assistance of counsel. His state petition was denied, the Virginia Supreme Court finding the insufficiency claim procedurally barred and the other claims meritless. Sand then filed the instant petition, again alleging insufficiency* and ineffectiveness. The district court found the insufficiency claim procedurally barred and the ineffectiveness claims meritless.
 
 
 3
 Although the Virginia Supreme Court's finding that the insufficiently claim was procedurally defaulted under Slayton v. Parrigan, 205 S.E.2d 680 (Va.1974), would normally be sufficient to bar review of the claim on federal habeas corpus, Bunch v. Thompson, 949 F.2d 1354, 1362-63 (4th Cir.1991), cert. denied, 60 U.S.L.W. 3879 (U.S.1992), it is insufficient to do so here. Sand's claim on direct appeal--that the evidence necessarily established reasonable doubt--was the same as his insufficiency claim in both his state and federal habeas petitions. See Jackson v. Virginia, 443 U.S. 307, 309 (1979). Thus, the finding of procedural bar below was incorrect.
 
 
 4
 However, the district court also addressed this claim on the merits and found that the evidence was sufficient to support Sand's conviction. We affirm on this basis. The transcript of the trial reveals that the victim testified that Sand inserted his penis into her vagina and performed oral sex on her genitalia against her will. The victim testified that Sand hit her and forced her to the ground; her testimony was corroborated by a police officer, a nurse, and a doctor, who testified that the victim had physical abrasions and skin trauma. Sand testified at trial that the entire episode was consensual. He also admitted on the stand that he had consumed a six-pack of beer and half a bottle of wine prior to the incident.
 
 
 5
 We review the sufficiency of the evidence only to determine whether any reasonable trier of fact could have found guilt beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319 (1979). The victim's corroborated testimony was sufficient for the trial court to find guilt, even in light of Sand's denials at trial. Thus the district court properly found the claim without merit.
 
 
 6
 Sand's claims of ineffective assistance of counsel were also properly found meritless by the district court. Sand claimed that his attorney failed to have a transcript of a preliminary hearing made. However, Sand has failed to support his allegation of resultant prejudice, and the record does not reveal any prejudice resulting from counsel's failure to have the hearing transcribed for use at trial.
 
 
 7
 Further, Sand's claim that his attorney failed to make any factual or legal investigations prior to trial is without merit. Even accepting as true Sand's allegations that counsel failed to investigate the scene of the crime and interview a male companion of the victim, we do not find counsel incompetent, as required to make out an ineffective assistance claim. Strickland v. Washington, 466 U.S. 668, 687-91 (1984). Even if attorney incompetence is presumed, however, Sand has failed to show any possibility, let alone probability, that the trial would have come out differently had such investigation and interview occurred. The exculpatory evidence Sand alleged would be discovered is minor and collateral. He thus failed to make out a case of ineffective assistance. Id. at 694. We find no error in those portions of the district court's order denying relief on Sand's ineffective assistance of counsel claims.
 
 
 8
 We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 DISMISSED
 
 
 *
 Sand made two claims regarding that sufficiency of the evidence. First, he directly alleged insufficiency; second, he alleged that the state court erred in failing to acquit him. The second claim is reviewed under the same standard as the first. United States v. United Medical & Surgical Supply Corp., 989 F.2d 1390, 1401 (4th Cir.1993)