Marvin Edward JENNINGS, Petitioner,

v.

**PAROLE BOARD OF VIRGINIA,**
**Respondent.**

**No. Civ.A. 98–742–AM.**

United States District Court,
E.D. Virginia,
Alexandria Division.

Feb. 5, 1999.

**376**

Marvin Edward Jennings, Dillwyn, VA, pro se.

Vaughan C. Jones, Office of the Attorney General, Richmond, VA, for respondent.

### ORDER

ELLIS, District Judge.

For the reasons set forth in the accompanying Memorandum Opinion, it is hereby **ORDERED** that:

1. Respondent's Motion to Dismiss is **DENIED;**

2. Petitioner's Motion for Judgment, filed August 12, 1998, is **DENIED** as moot;

3. Petitioner's Motion for Judgment, filed September 10, 1998, is **DENIED** as moot; and

4. Respondent is ADVISED that it may file with the Court further dispositive motions addressing the merits of petitioner's claim within twenty (20) days of the date of this Order. At that time, petitioner will be advised of his right to file counter-affidavits or other responsive material. The Court will thereafter review the merits of petitioner's claims.

The Clerk is directed to send a copy of this Order to petitioner and to the Attorney General of Virginia on behalf of respondent.

### MEMORANDUM OPINION

Petitioner, a Virginia inmate proceeding *pro se,* filed this habeas corpus petition pursuant to 28 U.S.C. § 2254 on grounds that the Parole Board of Virginia improperly denied him parole and engaged in other improper parole practices. The Parole Board has filed a motion to dismiss, arguing that § 2254(d) precludes federal judicial review of petitioner's claims. Because § 2254(d) is inapplicable to this action, the Parole Board's motion to dismiss on this ground must be denied. Moreover, although the Supreme Court of Virginia found petitioner's parole board claims to be procedurally barred, the procedural bar is inapplicable to these claims as they are of recent vintage and it appears that petitioner could not have raised them in any of his earlier petitions.

Accordingly, because it would be a miscarriage of justice to preclude federal review of petitioner's claims on the basis of the Supreme Court of Virginia's reliance on an inapplicable procedural bar, dismissal at this stage is not warranted.

### I.

On July 21, 1983, petitioner, a former road officer for the Roanoke County Sheriff's Department, was indicted by a grand jury in the Circuit Court for the City of Salem, Virginia, on two charges: (i) the murder of his wife, Judith Jennings, and (ii) the use of a firearm in the commission of the murder. Between February 14, 1984, and February 17, 1984, petitioner was tried by a jury on the two charges. At trial, petitioner asserted his innocence, contending that his wife had committed suicide.

The trial record reflects that on May 24, 1983, petitioner's wife was found dead in the bedroom of their marital home. Her death was caused by a gunshot to her temple and the physical evidence indicated that the bar-

rel of the gun used was no more than a few inches from her head when it fired. Police testified that when they arrived to investigate the reported suicide, petitioner answered the door holding a typewritten suicide note signed "J", the authorship of which was disputed at trial. Petitioner then told the police that he was outside when he heard a gunshot and ran into the house, where he found his wife dead.[1]

On February 18, 1984, the jury convicted petitioner of both charges and recommended a sentence of one life term in prison for the murder conviction and two years in prison for the firearms conviction. On May 9, 1984, the trial judge affirmed the verdict and adopted the jury's recommended sentence.[2] Petitioner has been incarcerated since his conviction.

## II.

Petitioner's post-conviction litigation efforts have been extensive. Since his 1984 convictions, he has filed, in addition to a direct appeal, two state actions and five federal actions, including the instant case. This history merits recounting because it puts petitioner's current petition in its proper context.

1. Petitioner gave police several statements concerning the circumstances of his wife's death. It appears that he told police he had sex with his wife on the afternoon of her death and that afterwards, she had complained of pain in her back from a pre-existing medical condition and expressed a desire to commit suicide. Petitioner told police he then put a loaded gun on the bed and told his wife to take care of it while he was gone. He testified that he never expected her to use the gun.

2. Prior to sentencing, petitioner moved for a new trial based on newly discovered evidence. Petitioner's counsel stated that, after the conclusion of the trial, petitioner had left a notebook belonging to his deceased wife on counsel's table. Counsel kept the notebook, but did not then examine it. Later, when counsel opened the notebook, he found typing and writing, which petitioner told him were those of his wife. Petitioner's counsel argued that the writing in the notebook was exculpatory evidence that would help authenticate the suicide note. The motion for a new trial, along with other post-trial motions, was denied on March 13, 1984.

### A. Conviction-related Proceedings:

Petitioner filed his petition for appeal in the Supreme Court of Virginia, which dismissed the petition, stating that there was no reversible error in the trial court's judgment. *See Jennings v. Commonwealth,* No. 841164 (Va. June 24, 1985) (unpublished).[3] Petitioner then filed a petition for rehearing, which was denied. *See Jennings v. Commonwealth,* No. 841164, (Va. Sep. 6, 1985) (unpublished).

On October 15, 1984, while his appeal to the Supreme Court of Virginia was still pending, petitioner filed a habeas corpus petition in the United States District Court for the Western District of Virginia, in which he challenged the decision of the state court refusing to set bond for him pending appeal of the convictions. The district court found that the state trial court had not abused its discretion and dismissed the petition. *See Jennings v. Cox,* No. 84–1037, (W.D.Va. Jan. 28, 1985) (unpublished).

On April 2, 1986, petitioner filed another petition for a writ of habeas corpus in the United States District Court for the Western District of Virginia. In this second federal petition, he raised eleven grounds challenging his state convictions.[4] The district court

3. The appeal was directly to the Supreme Court of Virginia because the Court of Appeals of Virginia was not established until 1985.

4. Petitioner's claims were: (1) the charges against him should have been dismissed or the trial court should have granted his motion for a change of venue owing to prejudicial pre-trial publicity; (2) he was provided with insufficient funds to conduct his own investigation; (3) he should have been provided with a daily transcript of the proceedings; (4) a mistrial should have been granted because the Commonwealth did not provide petitioner's counsel with a letter, later admitted into evidence, as directed in a discovery order; (5) the Commonwealth's evidence did not warrant submission of the case to the jury; (6) based on the evidence, the trial court should have set aside, suspended, or modified the jury's verdict; (7) petitioner should have been granted a new trial based on newly-discovered evidence; (8) the testimony and exhibits of Sergeant Coffey should have been excluded; (9) the testimony of Richard Dusak should have been excluded because it differed from his written statements and was unsupported, inflammatory,

reviewed each of petitioner's claims and concluded that petitioner had not met his initial burden as to any of them. *See Jennings v. Grizzard,* No. 86–155–R (W.D.Va. Aug. 19, 1986) (unpublished). In particular, the district court focused on petitioner's argument that he should have been granted a new trial based on newly-discovered evidence. Finding the argument ultimately unpersuasive, the district court also rejected as unnecessary petitioner's request for an evidentiary hearing on this matter and dismissed the petition. *Id.*

On August 26, 1986, petitioner filed a motion to reinstate the habeas corpus petition on the district court's docket and to set the matter for hearing. Petitioner argued that he could not have presented the newly-discovered evidence at trial and that all of the circumstances required for an evidentiary hearing were met. The district court granted the motion and provided the parties with an opportunity to present oral arguments and submit briefs on the issue of newly-discovered evidence. After considering the arguments, the district court declined to set aside its earlier decision, concluding that petitioner failed to meet the criteria for granting a new trial based upon newly-discovered evidence.[5] Accordingly, the district court dismissed the petition. *See Jennings v.*

*Grizzard,* No. 86–155–R (W.D.Va. Oct. 20, 1986) (unpublished). Petitioner appealed to the United States Court of Appeals for the Fourth Circuit,[6] which affirmed the district court's decision. *See Jennings v. Grizzard,* 820 F.2d 1219 (4th Cir. June 5, 1987) (unpublished).

Thereafter, on August 26, 1988, petitioner filed a petition for a writ of habeas corpus in the Circuit Court of the City of Salem challenging the validity of his conviction. In particular, petitioner argued that the evidence used to convict him was insufficient as a matter of law and that the jury instructions given at trial were constitutionally deficient.[7] After reviewing petitioner's claims on the merits, the circuit court dismissed his petition. *See Jennings v. Grizzard,* No. 775CL88000130–00 (Va.Cir.Ct. City Salem, Aug. 24, 1989) (unpublished).

Petitioner then appealed that dismissal to the Supreme Court of Virginia where he argued that the circuit court erred in refusing to grant him a writ based on the jury instructions that unconstitutionally shifted the burden of proof to petitioner. The Supreme Court of Virginia denied the petition, applying the procedural bar of *Slayton v. Parrigan,* 215 Va. 27, 205 S.E.2d 680 (1974). *See Jennings v. Grizzard,* No. 891432 (Va. Jan. 19, 1990) (unpublished).[8]

---

and prejudicial; (10) the testimony of Dr. Eddins should have been excluded as conjecture and beyond his expertise; and (11) the testimony of Judy Long and Rebecca Farmer concerning their physical relationship with petitioner should have been excluded as irrelevant; the testimony of Donna Jennings, petitioner's former wife, should have been excluded as prejudicial, inflammatory, and irrelevant; and the testimony of Dr. Crown should have been excluded as conjecture. *See Jennings v. Grizzard,* No. 86–155–R (W.D.Va. Aug. 19, 1986) (unpublished).

5. Specifically, the district court stated that it remained unconvinced that the allegedly newly-discovered evidence could not have been secured for use at trial or that it was material and would have produced a different result at trial. *See Jennings v. Grizzard,* No. 86–155–R (W.D.Va. Oct. 20, 1986) (unpublished).

6. Petitioner, by counsel, raised two arguments in his appeal. In his first argument, petitioner argued that the district court erred in denying petitioner's habeas corpus petition on the ground that character evidence introduced by the state

against petitioner was prejudicial in effect and deprived him of due process and a fair trial. In his second argument, petitioner argued that the district court erred in denying his petition on the ground that certain expert testimony offered by the state against him was inflammatory and prejudicial and deprived him of due process and a fair trial.

7. Specifically, on this point petitioner argued that the instructions given were unconstitutional because a reasonable juror could interpret the instructions as shifting the burden to a defendant. *See Sandstrom v. Montana,* 442 U.S. 510, 99 S.Ct. 2450, 61 L.Ed.2d 39 (1979) (holding unconstitutional an instruction regarding intent in a murder case where the instruction stated that the law presumes a person intends the ordinary consequences of his voluntary acts).

8. The ruling stated in full that "[a]pplying the rule in *Slayton v. Parrigan,* 215 Va. 27, 205 S.E.2d 680 (1974), the Court refuses the petition for appeal." The basis of this ruling, it appears, was that petitioner could have raised his improper jury instruction argument at trial or on direct

Thereafter, petitioner filed another petition for a writ of habeas corpus in the United States District Court for the Western District of Virginia, again asserting that certain jury instructions unconstitutionally shifted the burden of persuasion to him and that there was insufficient evidence to support his conviction. The Commonwealth, as respondent, argued that petitioner's jury instruction claim was procedurally barred because petitioner failed to raise the issue at trial or on direct appeal. Petitioner responded that his failure to raise the issue of jury instructions earlier was due to the unsettled nature of the law in the area at the time, and that as such, he had established cause sufficient to excuse his procedural default. On September 25, 1991, the district court denied the petition. See Jennings v. Grizzard, 793 F.Supp. 681 (W.D.Va.1991).[9]

### B. Parole-related Proceedings:

On September 12, 1997, petitioner's post-conviction efforts took a distinctly different direction. Rather than filing yet another petition relating to his conviction, he challenged his parole proceedings by filing here a 42 U.S.C. § 1983 action, the predecessor to the instant petition. This action focused solely on the constitutional deficiencies in the Parole Board's consideration of his parole eligibility. In this respect, the § 1983 action and the instant action are entirely distinct from petitioner's earlier habeas petitions, which focused on the legality of his convictions. This § 1983 action was short-lived.[10] Because it attacked the fact, rather than the conditions, of his confinement it was properly construed as a petition for a writ of habeas corpus. See Jennings v. Parole Bd. of Va., No. 97–1445–AM (E.D.Va. Oct. 7, 1997) (unpublished). The petition was then dismissed without prejudice for failure to exhaust state remedies as required under 28 U.S.C. § 2254. See Jennings v. Parole Bd. of Va., No. 97–1445–AM (E.D.Va. Jan. 26, 1998) (unpublished). In the Order, petitioner was advised that he could refile a habeas corpus petition in this Court following a decision on the merits of his claims from the Supreme Court of Virginia. Id.

Following these instructions, petitioner filed a petition for a writ of habeas corpus with the Supreme Court of Virginia on February 18, 1998, in which he alleged that the Parole Board violated his constitutional rights and abused its discretion when, on two occasions, it: (1) found him unsuitable for parole release without any basis; (2) denied him parole without a sufficient explanation, relying instead on a "boiler plate" justification; (3) revoked his Good Time Credit without authority; (4) violated his right to due process by failing to provide him with a copy of the parole eligibility criteria and refusing his request to review his file for inaccuracies; and (5) applied a change in Parole Board voting procedures retroactively in violation of the ex poste facto clause of the Constitution. The Supreme Court of Virginia held the claims were procedurally barred and dismissed the petition, stating in full:

On consideration of this case, the Court is of opinion that the writ of habeas corpus should not issue on grounds that no writ shall be granted on the basis of any allega-

appeal, but failed to do so. In response, petitioner asserts that a contemporaneous objection to the instruction was made at trial, but he was unable to substantiate the objection because portions of the trial transcript no longer existed. Petitioner states that, on appeal, the Commonwealth's Attorney admitted that "portions of the trial transcript [were] inadvertently lost, destroyed or taped over." See Response to the Court's Order of November 3, 1998, filed November 27, 1998. Absent from the trial record is any discussion of the jury instructions, as well as the actual instructions given to the jury.

9. As to the first claim, the district court held that petitioner (i) failed to establish cause sufficient to excuse his procedural default and (ii) failed to demonstrate that the challenged instructions were unconstitutional as applied to him. The district court noted that the same claim was previously found to be meritless in a previous federal habeas corpus petition. As to the second claim, taking the evidence in a light most favorable to the Commonwealth, the district court found the trial evidence sufficient to support petitioner's conviction.

10. The Parole Board of Virginia has considered petitioner for parole on three separate occasions since 1996, and on each occasion parole was denied. The first two denials occurred on September 3, 1996, and July 17, 1997, and were referred to in petitioner's initial complaint. In an Addendum filed on August 31, 1998, petition-

tion the facts of which the petitioner had knowledge at the time of filing any previous petition.Code § 8.01–654(B)(2). It is therefore ordered that the said petition be dismissed.[11]

See Jennings v. Director of the Dep't of Corrections, et al., No. 980410 (Va. April 27, 1998) (unpublished).

Having complied with the exhaustion requirement, petitioner then filed the instant petition for a writ of habeas corpus on May 28, 1998. He presents the same five claims as were raised before the Supreme Court of Virginia in his 1998 state habeas corpus petition. In addition, petitioner asserts a sixth claim, in which he alleges that the Parole Board retaliated against him for asserting these claims by deferring the next review of his parole candidacy for three years instead of the usual one year review cycle.[12]

The relief sought here includes (1) an order granting him parole; (2) an order restoring his good time credits; (3) an order requiring respondent to provide all parole eligible inmates with the criteria for granting parole; (4) a declaration that the Parole Board's retroactive application of a voting policy constitutes a violation of the ex poste facto clause of the Constitution; (5) an order granting all parole eligible inmates an opportunity to view their institutional files at least one year before review of their eligibility; (6) a declaration that the Parole Board should not deny parole on the ground of the "serious nature of the offense"; and (7) an order finding petitioner suitable for parole.

### III.

■ The Parole Board argues that 28 U.S.C. § 2254(d) compels dismissal of this petition. This argument misapprehends and misapplies § 2254(d), which precludes federal review of a previous state merits adjudication, with two limited exceptions.[13] Contrary to the Parole Board's argument, § 2254(d) is inapplicable here because the Supreme Court of Virginia's dismissal of petitioner's habeas petition was not an adjudication on the merits of any claim, let alone a claim based on any Parole Board action. Rather, the state petition was denied because of a procedural bar, namely that petitioner could have raised the issues asserted there in an earlier petition, but failed to do so. In short, the Supreme Court of Virginia disposed of the state petition on procedural grounds, rather than on the merits of his claims. See Cardwell v. Greene, 152 F.3d 331, 339 (4th Cir.1998) (differentiating between an adjudication on the merits and a disposition on procedural grounds). This disposition makes it unnecessary to consider the exceptions to 28 U.S.C. § 2254(d).

### IV.

■ Because the Supreme Court of Virginia dismissed the petition for appeal as procedurally barred, there remains the question whether that dismissal precludes federal review of petitioner's claims. A state procedural default bars federal review of a habeas corpus petition where the state court relies on the state procedural rule to deny petitioner relief. See Coleman v. Thompson, 501 U.S. 722, 735, 750, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991). Additionally, the state procedural rule that defaulted petitioner's claims must be an independent and adequate

---

er advised the Court that on August 12, 1998, the Parole Board again denied him parole.

**11.** Virginia Code § 8.01–654(B)(2) addresses writs of habeas corpus and states:

[s]uch petition shall contain all allegations of fact of which are known to petitioner at time of filing and such petition shall enumerate all previous applications and their disposition. No writ shall be granted on the basis of any allegation of facts of which petitioner had knowledge at the time of filing any previous petition.

**12.** See Addendum II to Memorandum Brief, filed on August 31, 1998.

**13.** 28 U.S.C. § 2254(d) states:

[a]n application for writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

state ground for denying relief. *Id.* at 750, 111 S.Ct. 2546.

In the instant case, both requirements are satisfied. First, the Supreme Court of Virginia expressly relied on a procedural rule, namely Virginia Code § 8.01–654(B)(2), when it dismissed petitioner's petition for appeal. Second, § 8.01–654(B)(2) is an independent and adequate state ground for denying petitioner relief. *See Gray v. Netherland,* 518 U.S. 152, 161–62, 116 S.Ct. 2074, 135 L.Ed.2d 457 (1996).

Thus, it would appear at first blush that the Supreme Court of Virginia properly applied the procedural bar. But, the analysis does not end here as it further appears that all of the procedurally barred claims relate to the validity of petitioner's conviction and not to any claims relating to parole, which claims could not have been asserted at the time of petitioner's previous petitions.[14] Thus, although the finding of the Supreme Court of Virginia would ordinarily bar federal review, it is insufficient to do so here. In these circumstances, there is no bar to federal review because a miscarriage of justice would result from a lack of federal review.[15] *See Coleman,* 501 U.S. at 722, 111 S.Ct. 2546 (holding that the procedural bar does not prohibit federal habeas review if the failure to consider the claims would result in a fundamental miscarriage of justice); *Harris v. Reed,* 489 U.S. 255, 109 S.Ct. 1038, 103 L.Ed.2d 308 (1989); *Murray v. Carrier,* 477 U.S. 478, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986); *Wainwright v. Sykes,* 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977); *Savino v. Murray,* 82 F.3d 593 (4th Cir.1996). Procedurally barring a claim that could not have been raised in an earlier petition is both manifestly unjust and contrary to the policy underlying the procedural bar, namely preventing habeas petitioners from filing successive petitions asserting claims that could have been raised in previous petitions.

## V.

For the reasons described above, the Parole Board's motion to dismiss is denied. Because the Parole Board failed to address the merits of petitioner's claims in its motion, it will be afforded additional time to file further dispositive motions. An appropriate Order will follow.

---

14. Petitioner could not have known of the facts relating to his parole board claims at the time he filed previous petitions in the Supreme Court of Virginia because the Parole Board did not consider his parole eligibility until 1996.

15. The Fourth Circuit, in an unpublished opinion, has held that although the application of a procedural bar by the Supreme Court of Virginia would normally be sufficient to bar review of the claim on federal habeas corpus, it is insufficient to do so when the Supreme Court of Virginia's finding of procedural bar is incorrect. *Sand v.*

*Murray,* 23 F.3d 402, 402 (4th Cir.1994) (unpublished). *See also Bundy v. Dugger,* 850 F.2d 1402, 1420 (11th Cir.1988) (holding that the Supreme Court of Florida's mistaken reliance on a procedural bar did not provide an adequate basis for denying federal habeas review).