**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 04-7932**

———————

KEITH LEMONT SANDERS,

Petitioner - Appellant,

versus

GENE M. JOHNSON,

Respondent - Appellee.

———————

Appeal from the United States District Court for the Eastern
District of Virginia, at Norfolk.  Raymond A. Jackson, District
Judge.  (CA-03-598)

———————

Argued:  March 14, 2006                    Decided:  July 27, 2006

———————

Before WIDENER, NIEMEYER, and KING, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

**ARGUED:** Erwin Chemerinsky, Professor, DUKE UNIVERSITY SCHOOL OF
LAW, Durham, North Carolina, for Appellant.  Michael Thomas Judge,
Assistant Attorney General, OFFICE OF THE ATTORNEY GENERAL,
Richmond, Virginia, for Appellee.  **ON BRIEF:** Carson Campbell,
Lindsay McGuire, Chris Richardson, Beth Richardson-Royer, Catinca
Tabacaru, Law Students, DUKE UNIVERSITY SCHOOL OF LAW, Durham,
North Carolina, for Appellant.  Judith W. Jagdmann, Attorney
General of Virginia, Richmond, Virginia, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Keith Lemont Sanders appeals the district court's denial of his petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. This court granted a certificate of appealability with respect to specified claims alleging ineffective assistance of counsel and failure to disclose exculpatory evidence. Upon consideration of those claims, we affirm the denial of habeas relief.

## I.

On April 9, 2000, Lieutenant W.K. Extine of the York County, Virginia, Sheriff's Department, observed Sanders traveling northbound on Route 17 in York County. Extine knew Sanders had had his license revoked from a recent criminal history check at the Department of Motor Vehicles. Extine also knew that Sanders had charges pending in Newport News and York County, which was the reason for the criminal history check at the DMV. Extine followed the defendant to a parking lot and signaled him to stop. Extine asked Sanders for his license and Sanders replied, "Epstein [sic], you know I don't have a license." The officer searched Sanders and the vehicle and discovered ten pills marked M-357 and one piece of crack cocaine. Extine then arrested Sanders. No objection is made to that search.

On July 6, 2000, after accepting an <u>Alford</u> guilty plea from the defendant, the Circuit Court of York County convicted Sanders of one count of possession with intent to distribute cocaine, second or subsequent offense, and one count of possession of a controlled substance, hydrocodone and acetaminophen. On October 17, 2000, Sanders was sentenced to five years in prison for possession with intent to distribute cocaine, and four years and six months for possession of a controlled substance.

On October 29, 2001, Sanders filed a petition for writ of mandamus in the Supreme Court of Virginia, challenging his sentence for possession of a controlled substance, a misdemeanor offense. On November 27, 2001, the circuit court entered an order vacating the original sentencing order and re-sentenced Sanders to five years in prison for possession with intent to distribute cocaine and 12 months for possession of a controlled substance. (J.A. 106)

After exhausting his direct appeals in the state courts, Sanders filed, pro se, a petition for writ of habeas corpus in the circuit court on December 4, 2002. The circuit court denied and dismissed the petition and the Supreme Court of Virginia refused his petition for appeal from the denial of habeas relief.

Then, pursuant to 28 U.S.C. § 2254, Sanders filed this petition for writ of habeas corpus. The magistrate judge recommended that the petition be denied and dismissed. On September 13, 2004, the district court denied and dismissed the

3

petition for habeas corpus and declined to issue a certificate of appealability because Sanders failed to demonstrate a substantial showing of the denial of a constitutional right. Sanders noted his appeal and, after consideration of informal briefs, this court appointed counsel for Sanders and granted a certificate of appealability on two issues: (1) whether Sanders was denied effective assistance of counsel due to his attorney's alleged failure to investigate and advance a motion to suppress, and (2) whether Sanders was denied due process based on the Commonwealth's failure to divulge information relating to access of his DMV records.

## II.

Sanders first asserts that his trial counsel's representation constituted ineffective assistance of counsel because he failed to conduct a pre-trial investigation and failed to move to suppress illegally obtained evidence.[1]  To establish that he received ineffective assistance of counsel, Sanders must satisfy both prongs of Strickland v. Washington, 466 U.S. 668 (1984). "First, the

---

[1]Sanders also argues that his appellate counsel failed to meet the standard for effective assistance of counsel because she failed to conduct a reasonable investigation that would have uncovered a violation of Brady v. Maryland, 373 U.S. 83 (1963).  Because Sanders failed to raise such a claim in the district court or the state courts, the claim is defaulted for purposes of federal habeas. Bassette v. Thompson, 915 F.2d 932, 936 (4th Cir. 1990); see also Matthews v. Evatt, 105 F.3d 907, 914-15 (4th Cir. 1997); Bennett v. Angelone, 92 F.3d 1336, 1344 (4th Cir. 1996).

defendant must show that counsel's performance was deficient. . . . Second, the defendant must show that the deficient performance prejudiced the defense." Strickland, 466 U.S. at 687.

First, Sanders claims that his trial attorney conducted no investigation prior to the preliminary hearing in the York County District Court. A reasonably competent attorney in a similar situation, Sanders contends, would have adequately investigated Sanders' only possible line of defense: whether sufficient probable cause existed to justify the traffic stop. Further, Sanders argues, the attorney's failure to conduct any investigation altered the result of Sanders' plea hearing because but for such errors, Sanders would neither have made an involuntary plea, nor stipulated to facts that he now alleges were fabricated by the prosecution.

Second, Sanders argues that because his attorney neglected to do any pretrial investigation, he failed to move to suppress illegally obtained evidence found in Sanders' pocket. Sanders thus contends that the result of the plea hearing was prejudiced by the failure to make a motion to suppress the evidence obtained in violation of the Fourth Amendment because had this evidence been inadmissible, the entire basis for Sanders' conviction would have collapsed.

The state habeas court found the claims of ineffective assistance of counsel to be without merit. We hold that the

decision of the state habeas court was not unreasonable. 28 U.S.C. § 2254(d)(1).

The prosecutor, by stipulation, summarized the Commonwealth's evidence, to which Sanders had "no additions or deletions." (J.A. 88) That evidence establishes that there is nothing suspicious about the timing of the DMV check by Extine. Extine made the DMV check almost an hour after the arrest as part of the normal process of requesting a warrant. Moreover, the stipulation establishes that Extine's pre-arrest knowledge of the defendant was not based on the DMV check, rather on his previous dealings with Sanders and charges pending against Sanders in Newport News and York County. Further, the record establishes that Sanders and his car were searched incident to a valid arrest. A reasonable conclusion based on this evidence was that there was no basis upon which to file a motion to suppress. Sanders, therefore, failed to demonstrate either incompetence or prejudice, as required by Strickland.

III.

Next, Sanders argues that his Fourteenth Amendment right to due process was violated when the government failed to disclose evidence showing that Extine lacked probable cause for stopping Sanders. Brady v. Maryland, 373 U.S. 83 (1963). He claims that Extine had no prior knowledge of his revoked driver's license and only learned of the fact almost an hour after Sanders' arrest when

6

he checked the DMV record. Thus, according to Sanders, the stop was illegal. Sanders contends that Extine, as a part of the prosecution, failed to divulge the existence of the DMV record showing the time he checked Sanders' driving record. Sanders asserts that the failure of the prosecution and the police to disclose this evidence is material. Without use of the evidence obtained by the illegal stop, he contends, the conviction could not have been obtained.

The state habeas court found this claim to be procedurally defaulted because it could have been raised at trial or on direct appeal. Slayton v. Parrigan, 205 S.E.2d 680, 682 (Va. 1974). Sanders asserted to the federal magistrate judge that the cause of the default was due to ineffective assistance of counsel, alleging that Atkinson failed to conduct an adequate investigation of the facts. The magistrate judge found that because the information was available to Sanders and he could have presented this claim on direct appeal, his attorney's failure to discover the information at an earlier stage cannot constitute cause for default. Nor can the delay in its discovery be said to have caused any actual prejudice. The magistrate judge's recommendation that the petition with respect to this claim be denied was accepted by the district court.

This court has recognized that "the procedural default rule set forth in Slayton constitutes an adequate and independent state

7

law ground for decision." <u>Wright v. Angelone</u>, 151 F.3d 151, 159 (4th Cir. 1998) (quoting <u>Mu'Min v. Pruett</u>, 125 F.3d 192, 196 (4th Cir. 1997). Therefore, absent cause or prejudice or a miscarriage of justice, we may not review Sanders' constitutional claim because the state habeas court declined to consider its merits on the basis of an adequate and independent state procedural rule. <u>Mu'Min</u>, 125 F.3d at 196; see also <u>Harris v. Reed</u>, 489 U.S. 255, 262 (1989).

Sanders attempts to establish ineffective assistance of counsel as cause and prejudice to excuse his default. Yet, "ineffective assistance adequate to establish cause for the procedural default of some other constitutional claim is itself an independent constitutional claim." <u>Edwards v. Carpenter</u>, 529 U.S. 446, 451 (2000). Thus, a claim of ineffective assistance generally must "'be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default.'" <u>Edwards</u>, 529 U.S. at 452 (quoting <u>Murray v. Carrier</u>, 477 U.S. 478, 489 (1986)); see also <u>Swisher v. True</u>, 325 F.3d 225, 231 (4th Cir. 2003). Sanders does not assert that he can demonstrate cause and prejudice for his procedural default of the ineffective assistance claim. Accordingly, he cannot use ineffective assistance of counsel to demonstrate cause for the failure to raise the due process violation. Therefore, the

8

district court did not err in concluding that Sanders' claim was procedurally defaulted.[2]

The judgment of the district court is accordingly

AFFIRMED.

---

[2]Even if we were to review Sanders' <u>Brady</u> claims, we would find them to be without merit. The potentially exculpatory evidence, he claims, of the DMV record of the time at which Extine checked his driving record, which he contends shows the check was not made until almost an hour after the arrest is not the source of probable cause for the stop. As discussed above, Extine had probable cause to stop Sanders based on a previous DMV check and previous dealings with the defendant. Thus, Sanders' failure to meet the <u>Brady</u> test is fatal to his claim on this issue. And, in any event, there is no merit to the <u>Brady</u> claim based on any failure of the attorney to turn over the DMV information which was available to the defendant in a place where a reasonable defendant would have looked. <u>United States v. Wilson</u>, 901 F.2d 378, 381 (4th Cir. 1990).