# CIRCUIT COURT OF FAIRFAX COUNTY

Derek D. Curtis

v.

Coffeewood Correctional Center et al.

December 4, 2006

Case No. CL-2005-4887

BY JUDGE MARCUS D. WILLIAMS

This matter is before the Court on the Respondent's Motion to Dismiss Petitioner's Habeas Corpus Petition. For the reasons stated herein, the Respondent's Motion to Dismiss is granted and the Petitioner's Request for an Evidentiary Hearing is denied.

*Facts*

On June 22, 2004, Petitioner was convicted by the Court, upon entering Alford pleas, of two counts of obtaining money by false pretenses. At the plea hearing, Petitioner was represented by Charles Swedish, Esquire.

Prior to sentencing, the Petitioner, *pro se*,[1] filed a motion to withdraw his guilty pleas based on ineffective assistance of counsel and prosecutorial misconduct. On November 30 through December 1, 2004, the Court held a hearing on the motion to withdraw the guilty pleas, which motion the Court ultimately denied. At the sentencing hearing Petitioner, who was then represented by Michael Devine, Esquire, was sentenced to eight years in prison, with six years and five months suspended for the first count and to eight years in prison with seven years suspended for the second count.

The Petitioner, by Mr. Devine, appealed the Court's ruling denying the motion to withdraw the guilty pleas to the Court of Appeals of Virginia. By order entered September 19, 2005, a judge of that Court denied the Petition for appeal. Petitioner, by counsel, requested a three-judge review panel on September 30, 2005. On July 3, 2006, the Court of Appeals denied Petitioner's direct appeal. Petitioner's appeal is pending before the Virginia Supreme Court, and Mr. Hundley is representing him in that matter. Upon the filing of the habeas corpus petition, Mr. Devine requested leave to withdraw as counsel due to the allegations made against him in the petition, which was granted by the Court of Appeals on November 9, 2005, and new counsel, Jim Hundley, Esquire, was appointed for Petitioner in December 2005.

*Procedural Posture of the Petition*

Even though Petitioner has been released from prison, he is on probation subject to a suspended sentence and so his habeas claims remain intact. *Jones v. Cunningham*, 371 U.S. 236, 83 S. Ct. 373, 9 L. Ed. 2d 285 (1963); Va. Code § 8.01-654(B)(3) (2006).

*No Evidentiary Hearing Is Required*

After considering the allegations raised in the petition, supporting affidavits submitted by both parties, and reviewing the record, the Court finds a plenary hearing is not required. A plenary hearing is required only where a factual dispute exists. *Collison v. Underwood*, 1 Va. App. 443, 445, 339 S.E.2d 897 (1986). In determining whether a factual dispute necessitates a plenary hearing, a court should fully consider the following: the factual allegations set out in a petition for writ of habeas corpus and all reasonable

---

[1] The Petitioner opted at the hearing to represent himself, and Mr. Devine merely functioned as standby counsel.

inferences which flow therefrom, the record of the underlying criminal proceedings, and any affidavits submitted by the parties. *Bonham v. Angelone*, 58 Va. Cir. 358, 367 (Fairfax 2002). Here the record clearly shows that a great majority of Petitioner's claims have already been heard by this Court at the November 2004 hearing on Petitioner's motion to dismiss his guilty pleas. The remaining claims are not such as to require an evidentiary hearing as they are based upon pure hearsay without any meaningful supporting affidavits or other evidence.

### Newly Discovered Evidence Is Not Grounds for Habeas Relief

Additionally, the Court notes that Petitioner has made several allegations that he has discovered new evidence in his Habeas Petition and in his Response to the Attorney General's Motion to Dismiss. To the extent that any claims of newly discovered evidence are being raised as a ground for habeas relief, the Court finds that no relief can be granted. *Fitzgerald v. Bass*, 6 Va. App. 38, 46, 366 S.E.2d 615 (1988) ("[T]he office of the writ of habeas corpus is not to determine the guilt or innocence of the prisoner. The only issue which it presents is whether or not the prisoner is restrained of his liberty by due process of law.") (citations omitted).

### Claim A: The Commonwealth Falsified and Fabricated Evidence and Conspired to Have Petitioner Held Without Bond, Pending Trial

In Claim A of his Petition for Habeas Corpus Relief, Petitioner makes two allegations. Petitioner first alleges that the Commonwealth created false evidence and falsified bank records in an effort to obtain a conviction and that Bank of America has located records which show that the Commonwealth's evidence was falsified. Petitioner also asserts that the Commonwealth began its "malicious scheme" against Petitioner on October 18, 2003, in order to interfere with Petitioner's due process rights when Assistant Commonwealth's Attorney, John Murray, had Judge Keith tell Petitioner that he could leave the courthouse and then went to Judge McWeeney and had him issue a bench warrant and rule that petitioner should be held without bond.

Respondent argues that Claim A should be dismissed for three reasons: both allegations, which concern alleged prosecutorial misconduct, are non-jurisdictional defects which can only be addressed on direct appeal, the two allegations were already addressed by the Court at the November 30, 2004, hearing on the motion to withdraw the guilty pleas, and, finally, the claims are substantively without merit.

The Court finds that Claim A should be dismissed because it should have been raised on direct appeal and, in fact, was addressed at the hearing on the motion to withdraw the guilty pleas. *Morrisette v. Warden of the Sussex I State Prison*, 270 Va. 188, 189, 613 S.E.2d 551 (2005) (holding in part that a habeas claim concerning a prosecutor's nineteen-year delay in bringing charges was procedurally defaulted because it could have been raised on direct appeal), *citing Slayton v. Parrigan*, 215 Va. 27, 30, 205 S.E.2d 680 (1974).

Furthermore, regarding any records that Bank of America may or may not have subsequently located, newly discovered evidence, as noted above, is not a ground for habeas relief. *Fitzgerald v. Bass*, 6 Va. App. 38, 46, 366 S.E.2d 615 (1988).

Finally, any allegations that the Commonwealth conspired to have Petitioner held without bond are without merit. Petitioner has presented no evidence in support of this claim. In fact, there is evidence to the contrary. Specifically, Petitioner's former attorney, Mr. Swedish, represented to the Court at Petitioner's bond hearing, held on April 21, 2004, that Petitioner's failure to appear at Term Day stemmed from Petitioner's own confusion, because he was unrepresented at the time, as to whether or not he needed to appear. Motion to Dismiss, Exhibit 14. Additionally, Mr. Murray has asserted by affidavit and in other responsive pleadings that there was no prosecutorial misconduct. Motion to Dismiss, Exhibit 12.

*Claim B: The Commonwealth Withheld Exculpatory Evidence and "Authenticated" the Photo Identification Used at the Time the Check was Cashed*

Petitioner next contends that the Commonwealth withheld exculpatory evidence. Specifically, Petitioner asserts that the Commonwealth knew that Mr. Bhuller, having gone to OSSM offices in Maryland, was advised by Steve Warren and Steve Walker, officers of the company, that Steve Warren had issued the checks to Petitioner and that Petitioner had no knowledge of, or access to, the payroll account. Mr. Bhuller made arrangements with Mr. Warren and Mr. Walker to replace the returned checks, but then reneged by not presenting the checks as agreed. Petitioner also asserts in Claim B that the Commonwealth "authenticated the photo ID badge used at the time the check was cashed" and that "[t]his information regarding the valid ID was significant." Petition for Writ of Habeas Corpus, p. 3.

Respondent argues that Claim B should be dismissed because Petitioner has provided no affidavits or other evidence which would support his allegation that the Commonwealth knew of and withheld exculpatory

evidence. Respondent further asserts that Petitioner's argument as to the photo identification was already raised at the hearing on the motion to withdraw the guilty pleas and that the Court found that this evidence, whether authentic or not, was not exculpatory.

The Court does not find Petitioner's allegation that the Commonwealth withheld exculpatory evidence, which is unsupported by any evidence except Petitioner's own hearsay assertions, to be credible. Other than conclusory assertions made in his actual Habeas Petition and Response to the Attorney General's Motion to Dismiss, the only evidence Petitioner has submitted in support of his claims is an affidavit that he himself swore out in which he attests to his view of the situation and certain hearsay conversations he allegedly had with an anonymous caller and an unnamed, wholly unidentified, police officer at OSSM. *Burket v. Angelone*, 208 F.3d 172, 185-86 (4th Cir. 2000) (affidavit based on hearsay was properly stricken by the state court). As to Petitioner's argument concerning the photo identification, this issue was raised at the hearing on the motion to withdraw the guilty pleas and the Court found that whether the identification was authentic or not, it was not exculpatory. Tr. 12/1/04 at 108. The Court stands by its earlier ruling in this regard.

*Claim C: The Commonwealth Threatened OSSM Employees with Incarceration without Bond*

Petitioner claims that the Commonwealth threatened to incarcerate OSSM officers and have their bond denied. Petitioner asserts that Mr. Walker informed the Court of this threat in January of 2004 and the Court refused to act. Mr. Warren remained silent as to the threats, not informing Petitioner of the threats until July of 2005; Petitioner had difficulty contacting OSSM employees from jail, and the employees did not want to risk being jailed without bond.

Respondent counters that Claim C should be dismissed because the allegation that Commonwealth threatened to incarcerate OSSM employees could have been presented at trial and on direct appeal and because Petitioner's assertion that he just learned of threats against Mr. Warren is without merit.

At the hearing on the motion to withdraw the guilty pleas, Petitioner claimed that Mr. Walker and Ms. Oliver, both OSSM employees, were threatened with incarceration by the Commonwealth. Petitioner's statement was ultimately found inadmissible as hearsay. Tr. 12.1.04 at 14. As such, Petitioner could have presented this claim at trial and on direct appeal and are,

314

therefore, not grounds for habeas relief. *Slayton v. Parrigan*, 215 Va. 27, 30, 205 S.E.2d 680 (1974). Additionally, to the extent Petitioner is attempting to introduce newly discovered evidence as to Mr. Warren, this too fails to afford grounds for habeas relief. *Fitzgerald v. Bass*, 6 Va. App. 38, 46, 366 S.E.2d 615 (1988).

*Claim E: Petitioner's Attorney Colluded with the Commonwealth in order to Induce Petitioner into Entering an Afford Plea and Withheld Exculpatory Evidence from Him*[2]

Petitioner asserts that his attorney, Mr. Devine, colluded with the Commonwealth and, in order to induce Petitioner into taking an Alford plea, withheld exculpatory evidence from him.

Respondent argues that this claim should be dismissed because the portion of the claim that relate to any allegations that exculpatory and newly discovered evidence was withheld from Petitioner until after he made entered into the Alford pleas could have been raised on direct appeal. Respondent further contends that the portion of the claim that relates to Mr. Devine's representation fails under *Strickland*. Additionally, Respondent notes that Petitioner's claims against Mr. Devine are impermissibly general and that Petitioner has failed to note any specific errors or deficiencies in Mr. Devine's performance.

As to Petitioner's allegations against Mr. Devine, the Court notes that, at the time Petitioner entered his Alford pleas, Mr. Devine was not Mr. Curtis's counsel. Mr. Devine was appointed to represent Petitioner on his motion to withdraw his guilty pleas and represented Petitioner on appeal of his case to the Court of Appeals. At the Petitioner's request, Petitioner represented himself at the motion to withdraw the guilty pleas and Mr. Devine merely served as standby counsel. Mr. Devine represented Petitioner on his appeal to the Court of Appeals until he became aware of the allegations against him made in this Petition. Mr. Devine also denies, by affidavit, any misconduct or wrongdoing. Motion to Dismiss, Exhibit 13. As such, to the extent that Petitioner claims Mr. Devine colluded with the Commonwealth in order to induce Petitioner into taking an Alford plea, those claims are wholly without merit. Mr. Devine also denies by affidavit that he engaged in any misconduct or in any way colluded with the Commonwealth. Motion to Dismiss, Exhibit 13.

---

[2] In his habeas petition, Petitioner has no "Claim D."

To the extent that Petitioner is instead directing this claim towards any of his other former counsel, the claim also fails. Mr. Swedish represented Petitioner at the time he took the Alford pleas. In fact, in his Response to the Motion to Dismiss, Petitioner mentions Mr. Swedish, although Mr. Swedish is not mentioned in his Habeas Petition. Petitioner's allegations concerning Mr. Swedish were fully explored at the hearing on Petitioner's motion to withdraw his guilty pleas, and the Court found, and still finds, Petitioner's arguments to be without merit. Tr. 11/30/04 at 21-126; Tr. 12/1/04 at 39-57, 105-11. The Court notes that Petitioner has provided no evidence to support his claims of misconduct beyond his mere allegations. Additionally, to succeed on an ineffective assistance of counsel claim, Petitioner must establish two things, that his attorney's performance was deficient and that he was prejudiced as a result. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). In the instant case, Petitioner has failed to meet either prong of the *Strickland* test.

### Petitioner's New Claim Against Mr. Devine

In his Response to the Attorney General's Motion to Dismiss, Petitioner asserts a new claim against Mr. Devine, namely that he refused to raise the issue of exculpatory evidence on appeal. In his affidavit, Petitioner also alleges that Mr. Devine refused to communicate with him during his appeal and refused to raise all issues from the hearing, thus preventing Petitioner from participating in the appeals process.

Respondent contends that Petitioner has not met the *Strickland* standard for establishing ineffective assistance counsel, which is applicable to representation by counsel on direct appeal. Respondent further argues that Mr. Devine was not required to raise all issues on appeal and that Mr. Devine's representation was not ineffective merely because of a lack of communication.

Petitioner's new claim, raised without leave of Court, also fails on the merits. The two-pronged *Strickland* test applies to representation of counsel on direct appeal. *Smith v. Murray*, 477 U.S. 527, 536, 106 S. Ct. 2661, 91 L. Ed. 2d 434 (1986). Mr. Devine was not required to assert every non-frivolous claim on appeal. *Jones v. Barnes*, 463 U.S. 745, 751-53, 103 S. Ct. 3308, 77 L. Ed. 2d 987 (1983). Furthermore, Mr. Devine's alleged failure to communicate does not render his representation ineffective. *United States v. Holloway*, 1975 U.S. App. LEXIS 13267, **5-6 (there is no statutory or constitutional right to communicate with appellate counsel), *citing Hooks v. Roberts*, 480 F.2d 1196, 1196-97 (5th Cir. 1973) (there is no duty for appellate counsel to confer with his client where the record is adequate).

For the reasons stated herein, the Attorney General's Motion to Dismiss is granted and Petitioner's Request for an Evidentiary Hearing is denied.