# CIRCUIT COURT OF HANOVER COUNTY

Djiguiba Bah

    v.

Gene M. Johnson,
Director, Virginia
Department of Corrections

October 31, 2008

Case No. CL07001014-00

BY JUDGE J. OVERTON HARRIS

Before the Court is Respondent's Motion to Dismiss the Petition for Writ of Habeas Corpus of Djiguiba Bah, who is currently incarcerated at the Buckingham Correctional Center. The Court heard arguments on October 22, 2008, and took the matter under advisement. This opinion sets forth the Court's ruling.

## I. *Background*

Petitioner was convicted of rape following a bench trial on October 5, 2005. He was subsequently sentenced to twenty years in prison, with all but seven years suspended. Petitioner retained new counsel and pursued a direct appeal to the Court of Appeals of Virginia. That court denied the appeal by *per curiam* opinion dated August 2, 2006. On the next day, Petitioner's appellate counsel filed for leave to withdraw from the case. With no ruling on that motion at the time, appellate counsel next filed a request for a three-judge panel of the Court of Appeals to revisit its earlier decision. The request for a

panel review was denied because it was not timely filed one day earlier. Petitioner then pursued his appeal in the Supreme Court of Virginia and was denied on January 3, 2007.

## II. *Evidentiary Hearing on the Claims*

Following a thorough review of the petition, the record, and the evidence submitted by the parties, this Court finds that a plenary hearing is not warranted. Such a hearing would be necessary if the Court were unable to fully assess the merit of Petitioner's claims based upon the record. Va. Code § 8.01-654(B)(4) (2007). Here all claims and factual evidence are derived from the transcripts and the procedural record of Petitioner's underlying criminal case. See *Garrett v. Angelone*, 43 Va. Cir. 314, 315 (Spotsylvania County 1997). Furthermore, no factual dispute exists which calls for further evidence to resolve. *Collison v. Underwood*, 1 Va. App. 443, 445, 339 S.E.2d 897, 898-99 (1986). The Court considers the record complete and the matter ripe for a final ruling.

## III. *Standards of Review*

Petitioner has made several claims in support of his Petition for Writ of Habeas Corpus. "Claim A" alleges ineffective assistance of trial counsel in violation of Petitioner's Sixth Amendment rights. "Claim B" alleges ineffectiveness of counsel against Petitioner's appellate counsel. "Claim C" alleges that the trial court erred in its evidentiary rulings and consideration.

"Claim C" is not cognizable in a habeas corpus proceeding. Petitioner was afforded a full and fair opportunity to raise this type of claim on direct appeal. *Slayton v. Parrigan*, 215 Va. 27, 29-30, 205 S.E.2d 680, 682 (1974). As a result, he has no standing to collaterally attack the final judgment of conviction with any claim of a non-jurisdictional defect. *Id.* This claim is barred and will not be considered.

The remaining claims share the standard of review laid out in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). Any ineffectiveness of counsel claimant must satisfy a two-pronged test to succeed. *Id.* at 687. The first prong demands proof that counsel's performance "fell below an objective standard of reasonableness." *Id.* at 687-88. Such proof must overcome a strong presumption that counsel's actions "might be considered sound trial strategy." *Id.* at 689 (*quoting Michel v. Louisiana*, 350 U.S. 91, 101, 76 S. Ct. 158, 100 L. Ed. 83 (1955)). The second prong demands proof that "there is a reasonable probability that, but for counsel's

unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. The Court need not analyze the petition's satisfaction of one prong should it fail to meet the other. *Id.* at 697.

## IV. *Petitioner's Claims*

### A. *Ineffectiveness of Trial Counsel*

Petitioner claims that trial counsel was ineffective in several respects. He claims that (1) counsel failed to object to alleged hearsay testimony, that (2) counsel failed to object to testimony characterizing Petitioner's mood and truthfulness, that (3) counsel failed to argue that Petitioner may have been guilty of a lesser included offense instead of purely innocent, that (4) counsel failed to object to allegedly irrelevant questions, and that (5) counsel failed to object to questions eliciting the victim's state of mind.

The failure to object elements of this claim fail the second prong of the *Strickland* test. Neither the record nor any evidence suggest that the proposed objections were proper, had a reasonable probability of being sustained, or had a reasonable probability of changing the trial's result. The Court can discern no actual prejudice suffered by Petitioner as a result of these alleged failures.

The claim of a failure to argue a lesser included offense fails the first prong of the *Strickland* test. This Court finds it difficult to believe that a trial strategy that urges any finding of guilt is objectively more reasonable than a strategy that urges acquittal. The Court has no difficulty retaining its presumption that this was a sound, though unsuccessful, trial strategy.

### B. *Ineffectiveness of Appellate Counsel*

Petitioner claims that appellate counsel was ineffective in three respects. He claims that (1) counsel failed to timely file for a three-judge panel review in the Court of Appeals, that (2) counsel failed to raise issues of trial court error on appeal, and that (3) counsel failed to supplement the appellate record with allegedly exculpatory evidence.

Counsel's failure to timely file for a three-judge panel review fails the second prong of the *Strickland* test. The Court assumes without deciding that, in light of counsel's intervening and aborted attempt to abandon the case, the failure to secure the panel review was substandard attorney performance. That said, there is no indication that the result of Petitioner's appeal would have been different were the panel to have been convened. Petitioner's direct appeal was not derailed by counsel's actions. The Supreme Court would have

considered the same case in issuing its final judgment, regardless of which manifestation of the Court of Appeals considered it last and how it had ruled. The Court can find no actual prejudice suffered by Petitioner under this claim.

The claim of appellate counsel's failure to raise certain issues on direct appeal fails the first prong of the *Strickland* test. The United States Supreme Court has long rejected these types of habeas corpus claims, recognizing that "[e]xperienced advocates since time beyond memory have emphasized the importance of winnowing out weaker arguments on appeal and focusing on one central issue if possible." *Jones v. Barnes*, 463 U.S. 745, 751-52, 103 S. Ct. 3308, 77 L. Ed. 2d 987 (1983). As before, had counsel pursued the strategy now suggested by Petitioner, this Court would likely consider his performance *less* reasonable. As Justice Jackson once observed, "[M]ultiplying assignments of error will dilute and weaken a good case and will not save a bad one." *Jones*, 463 U.S. at 752 (quoting Jackson, "Advocacy Before the United States Supreme Court," 25 Temple L. Q. 115, 119 (1951)). Appellate counsel's decision to pursue only one issue on direct appeal was objectively reasonable.

The claim of appellate counsel's failure to include certain exculpatory evidence with Petitioner's direct appeal to the Supreme Court of Virginia also fails the first prong of the *Strickland* test. Any evidence admitted by the trial court would have been part of the record, and would have been considered by the Supreme Court. Any evidence suppressed at trial would have to have been the subject of an assignment of trial court error. In either circumstance, it would not be proper for counsel to include new evidence to support an insufficiency of the evidence claim on appeal. Appellate counsel was reasonable in declining to attempt to introduce evidence that could not be introduced under the circumstances.

## V. *Conclusion*

Having found all of Petitioner's claims to fail as a matter of law, this Court grants Respondent's Motion to Dismiss.