**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-6252**

DONALD HERRINGTON,

　　　　　　　Petitioner - Appellant,

　　　　v.

HAROLD CLARKE, Director of the Department of Corrections,

　　　　　　　Respondent - Appellee.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.  Anthony J. Trenga, District Judge.  (1:16-cv-00412-AJT-MSN)

Submitted:  August 1, 2017　　　　　　　　　　Decided:  August 17, 2017

Before KING and WYNN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Dismissed in part, vacated in part, and remanded by unpublished per curiam opinion.

Donald Herrington, Appellant Pro Se.　Robert H. Anderson, III, OFFICE OF THE ATTORNEY GENERAL OF VIRGINIA, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Donald Herrington seeks to appeal the district court's order denying relief on his 28 U.S.C. § 2254 (2012) petition. The order is not appealable unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1)(A) (2012). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2) (2012). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003). When the district court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is debatable, and that the petition states a debatable claim of the denial of a constitutional right. *Slack*, 529 U.S. at 484-85.

Herrington alleged in claim (5) of his § 2254 petition that his waiver of the right to counsel before trial was not knowing, voluntary, and intelligent. The district court held that this claim was procedurally defaulted based on the Virginia Supreme Court's refusal to consider the claim under the procedural rule announced in *Slayton v. Parrigan*, 205 S.E.2d 680, 682 (Va. 1974) (holding that state habeas petitioner may not raise for first time in habeas petition nonjurisdictional claims that could have been presented at trial or on direct appeal). On appeal, Herrington argues that *Slayton*'s rule is not an adequate procedural rule as applied to claim (5), and therefore, the claim is not procedurally defaulted.

2

A federal habeas claim is procedurally defaulted when a state court declines to consider the claim's merits on the basis of an adequate and independent state procedural rule. *Prieto v. Zook*, 791 F.3d 465, 468 (4th Cir. 2015). "A state procedural rule is adequate if it is consistently or regularly applied" by state courts, *Reid v. True*, 349 F.3d 788, 804 (4th Cir. 2003), and a rule is independent "if it does not depend on a federal constitutional ruling," *Fisher v. Angelone*, 163 F.3d 835, 844 (4th Cir. 1998) (alterations and internal quotation marks omitted). In the interests of comity and federalism, federal courts will not review procedurally defaulted claims unless the petitioner demonstrates either cause and prejudice to excuse the default or that a fundamental miscarriage of justice would result from the failure to entertain the claim. *Prieto*, 791 F.3d at 468-69.

We have observed that "[a] federal habeas court does not have license to question a state court's finding of procedural default or to question whether the state court properly applied its own law." *Sharpe v. Bell*, 593 F.3d 372, 377 (4th Cir. 2010) (internal quotation marks omitted). However, "[t]he assessment of whether a particular state procedure is independent and adequate, so as to bar consideration of the merits of a federal constitutional claim, is a question of federal, not state, law." *Brown v. Lee*, 319 F.3d 162, 169 (4th Cir. 2003) (internal quotation marks omitted); *see also Cone v. Bell*, 556 U.S. 449, 465 (2009) ("The adequacy of state procedural bars to the assertion of federal questions is not within the State's prerogative finally to decide; rather, adequacy is itself a federal question." (alterations, ellipsis, and internal quotation marks omitted)).

Although we have "previously determined that *Slayton* is an adequate state procedural rule," we must consider whether *Slayton* is "adequate as applied" to claim (5).

*Reid*, 349 F.3d at 805. The Virginia Supreme Court held that review of claim (5) was barred by *Slayton* because the claim raised a nonjurisdictional issue that could have been presented at trial and on direct appeal but was not. However, Herrington's waiver of counsel claim was in fact jurisdictional. As the Supreme Court has recognized, "[i]f the accused . . . is not represented by counsel and has not competently and intelligently waived his constitutional right, the Sixth Amendment stands as a jurisdictional bar to a valid conviction and sentence depriving him of his life or his liberty." *Johnson v. Zerbst*, 304 U.S. 458, 468 (1938); *see also Lackawanna Cty. Dist. Attorney v. Coss*, 532 U.S. 394, 404 (2001); *Superintendent of Powhatan Corr. Ctr. v. Barnes*, 273 S.E.2d 558, 561 (Va. 1981). Because there is no evidence that Virginia courts regularly apply the *Slayton* rule to similar jurisdictional claims, we conclude that the adequacy of *Slayton* as applied to claim (5) is debatable. Consequently, the district court's determination that claim (5) is procedurally defaulted is likewise debatable.

We cannot adequately address the potential merit of claim (5) because the record before us does not include the state court transcripts pertinent to Herrington's waiver of the right to counsel. Accordingly, we grant a certificate of appealability on this claim, vacate the district court's dismissal of the claim, and remand for further consideration by the district court on the merits after the court obtains any necessary state court transcripts.

Herrington also asserted in his state habeas petition and § 2254 petition that his counsel on direct appeal was ineffective for failing to raise 14 of the claims contained in his state habeas petition. The Virginia Supreme Court rejected this argument, reasoning that counsel retains discretion to select the issues to pursue on appeal. Although "it is

4

difficult to demonstrate that counsel was incompetent" in his choice to present one appellate issue rather than another, a defendant may prove that his counsel's performance was deficient by showing that "a reasonably competent attorney would have found one nonfrivolous issue warranting a merits brief." *Smith v. Robbins*, 528 U.S. 259, 288 (2000); *see also Davila v. Davis*, 137 S. Ct. 2058, 2067 (2017) ("Declining to raise a claim on appeal . . . is not deficient performance unless that claim was plainly stronger than those actually presented to the appellate court."); *Evitts v. Lucey*, 469 U.S. 387, 397 (1985) (recognizing right to effective assistance of counsel on appeal). Here, the Virginia Supreme Court did not address the potential merit of any claim that Herrington argued should have been raised on appeal, perhaps because the court mistakenly concluded that Herrington failed to identify any such claims.

Applying 28 U.S.C. § 2254(d)'s deferential standard, the district court agreed with the Virginia Supreme Court. However, the district court did not address the potential merit of the claims Herrington asserted were nonfrivolous and warranted a merits brief on direct appeal. Rather, the district court's analysis set forth the applicable clearly established law and summarily concluded on the merits that Herrington had not made the requisite showing under *Strickland v. Washington*, 466 U.S. 668 (1984), and § 2254(d). We conclude that the district court's limited discussion and the current record are insufficient for this court to properly review the merits of Herrington's ineffective assistance of appellate counsel claim. Like the district court, we have none of the state court pretrial or trial transcripts prepared in this case, and it is difficult to imagine how we might fairly consider Herrington's ineffective assistance of appellate counsel claim

without those transcripts. This is particularly problematic given that the record as constituted contains evidence indicating that Petitioner's ineffective assistance of appellate counsel claim is, at least, a debatable constitutional claim. Accordingly, we grant a certificate of appealability on Herrington's ineffective assistance of appellate counsel claim, vacate the district court's dismissal of the claim, and remand to the district court for further consideration once the court has obtained any necessary state court transcripts.

We have independently reviewed Herrington's other claims on appeal and conclude that Herrington is not entitled to a certificate of appealability on those claims. Accordingly, we grant leave to proceed in forma pauperis, grant Herrington's motion for a certificate of appealability as to claim (5) and Herrington's ineffective assistance of appellate counsel claim, vacate the district court's dismissal of those claims, and remand for further proceedings on those claims.[*] We deny Herrington's motion for a certificate of appealability as to all other claims and dismiss this appeal as to those claims. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED IN PART,*
*VACATED IN PART,*
*AND REMANDED*

---

[*] By this disposition, we express no view as to the ultimate merit of those claims.

6